**MACON v. HOLLOWAY, Judge.    (3 Div. 446.)**

.(Court of Appeals of Alabama.    Jan. 30, 1923. Rehearing Denied May 8, 1923.)

**1. Infants ⬒18—Juvenile courts were established to relieve juvenile offenders from rigidity of law prevailing in courts of general jurisdiction.**

The juvenile courts were established to relieve juvenile defendants under certain circumstances from the rigidity of the law prevailing in courts of more general jurisdiction and for other humane and worthy purposes.

**2. Constitutional law ⬒250, 259—Infants ⬒12—Statute giving juvenile court power to place juvenile offender on trial in court of general jurisdiction, if juvenile delinquent, past reformation, held valid.**

Acts 1920, p. 88, § 20, providing that if the juvenile court, after investigation or trial of disciplinary measures, concludes a juvenile offender is past reformation, it may put him or her to trial in a court that would have had jurisdiction but for the juvenile law, is not invalid as violating the constitutional provisions respecting equal protection of the laws and due process thereof, and does not lodge in the juvenile court an arbitrary discretion to suspend the operation of the juvenile law, but merely contemplates a judicial investigation of the question whether a juvenile offender can be reformed; it being competent for the Legislature to adopt that method for ascertaining the fact of delinquency.

**3. Infants ⬒12—Legislature held to have power to confer on juvenile court jurisdiction to determine whether delinquent is past reformation.**

It was just as competent for the Legislature to confer jurisdiction on the juvenile court to determine whether a child is past reformation

within Acts 1920, p. 88, § 20, as it was to confer on that court jurisdiction to determine the age of the child and the fact of its delinquency.

**4. Infants ⬒16—When juvenile court finds delinquency is past reformation, law determines what becomes of child.**

Where a juvenile court finds that a delinquent child is past reformation within Acts 1920, p. 88, § 20, the law, and not the court, says what becomes of the delinquent.

On Rehearing.

**5. Infants ⬒68—In absence of juvenile law, child guilty of felony triable in circuit court in county where offense committed.**

In the absence of Acts 1920, p. 77, § 5, relating to powers of juvenile court to declare a delinquent child a ward of the state, etc., a child charged with the commission of a felony would be triable in the circuit court of the county in which the offense was committed.

**6. Infants ⬒16—Juvenile statute held to temporarily suspend prosecution by state and not to add an element to crime committed.**

The right of the state to prosecute for an offense a child defined as a delinquent by Acts 1920, p. 77, § 2, is temporarily suspended by section 5, authorizing the juvenile court to determine delinquency and make and settle a judgment or order for custody, discipline, etc., and the state may not prosecute till the juvenile court ascertains, by investigation or trial of its disciplinary measures, that the child is incorrigible as provided in section 20, and the statute does not add an element to the crime committed by a child which, if convicted, is punished for the crime and not for being incorrigible.

**7. Infants ⬒16—Law that statute must define offense with reasonable certainty held not to affect statute for prosecution of juvenile offender found incorrigible.**

Though it is the law that a statute creating an offense must define the offense with reasonable certainty, it does not affect Acts 1920, p. 88, § 20, authorizing the state to prosecute a juvenile offender found to be incorrigible, because it is not an offense for a child to be incorrigible and no punishment is prescribed for incorrigibility.

**8. Constitutional law ⬒250—Legislature may classify persons amenable to punishment for crime.**

Legislature may within constitutional limitation classify persons amenable to punishment.

**9. Infants ⬒16—Judicial investigation of child's amenability to reformation does not comtemplate affidavit, complaint, or indictment of grand jury.**

The investigation by a juvenile court of the question whether a child can be reformed within Acts 1920, p. 88, § 20, means an impartial judicial survey of all the conditions affecting and influencing the juvenile offender, and does not necessarily contemplate an actual trial in open court, though it may include that in the wide

discretion of the court; but the statute does not contemplate any affidavit, complaint, or indictment by a grand jury.

**10. Infants ⬅==16—Statute providing for trial for offense if juvenile court finds delinquent cannot be made to lead a correct life construed to mean one who probably will be an enemy to society.**

The language of Acts 1920, p. 88, § 20, providing that a juvenile court may transfer a delinquent child to a court having jurisdiction of his offense, if convinced, after investigation, that he cannot be made to lead a correct life, is used in its ordinary sense; and, when it is shown that by reason of physical and mental deficiency or environment or other cause in all probability he will not be a reasonably useful citizen but an enemy to society, it may be said that he cannot be made to lead a correct life and cannot properly be disciplined under the Juvenile Court Act.

Appeal from Circuit Court, Montgomery County; Walter B. Jones, Judge.

Application of Mary Macon,· by her next friend, Jonas Williams, for mandamus to Hon. J. Lee Holloway, as Judge of the Juvenile Court of Montgomery. From a judgment denying the writ, petitioner appeals. ⸳ Affirmed.

Certiorari denied by Supreme Court in Ex parte Mary Macon, pro ami., 209 Ala. 580, 96 South. 936.

The petition alleges that Mary Macon is a female child under the age of 18 years, and—

"That on, to wit, the 10th day of July, 1922, your petitioner was placed upon trial before Hon. Lee Holloway, as judge of the juvenile court of Montgomery county, Ala., upon the charge of being a juvenile delinquent; that it was undisputed and was not·questioned that your petitioner was a minor female child under the age of 18 years; that after the hearing of the evidence and the conclusion of said trial, it became and was the duty of the said judge of said court to make and enter an order, either adjudging your petitioner to be dependent, neglected, or delinquent, and consider her as a ward of the state and subject to the guardianship of the court, or else to discharge your petitioner; but your petitioner avers that said judge of said court did neither of these things, though demanded by your petitioner so to do, but entered an order transferring your petitioner to the circuit court of Montgomery county, Ala., to answer to an indictment which might be found against her for the offense of grand larceny. Your petitioner avers that in so doing said judge of said court claims to be justified by the provisions of section 20 of the act as approved October 2, 1920, establishing said juvenile court; said section appearing in the published Acts of 1920 on page 88, and reading as follows:

"'Section 20. If at any time, after thorough investigation or trial of its disciplinary measures, the court or judge thereof is convinced that any delinquent child brought before it under the terms of this act cannot be made to lead a correct life, and cannot be properly disciplined under the provisions of this act, the court or judge thereof, shall have authority to transfer such delinquent child to the jurisdiction of any court in said county having jurisdiction of the. offense of which said child was, or is charged, there to be proceeded against according to law, and as if said child if a male, were over sixteen, and if a female, were over eighteen years of age. When such order of transfer is made, the child so transferred may be committed to the county jail or to any city jail or police station in said county, pending the proceedings in the court to which said case is transferred, or may be released on bail by the judge of said juvenile court to answer such proceeding in said court to which said [child] has been transferred. The clerk of the juvenile court shall at' once, upon said transfer being ordered, file with the clerk of the court to which said transfer is made a copy of the order of transfer, and any warrant or other paper charging said child with the commission of such offense which has been filed in this court, which shall be sufficient to give such court jurisdiction of such case. In the trial in such court the proceeding had in this court shall' not be given in evidence against such trial.'

"Your petitioner avers that said act affords no justification for the aforesaid order transferring your petitioner to the circuit court, but that said section of said act is unconstitutional and void in this: First, that it undertakes to deprive your petitioner of equal protection of the laws; second, that it is a denial to your petitioner of due process of law; third, that it undertakes to place in said judge power without the right of appeal, the absolute discretion to suspend the operation of said juvenile law, and of said act of the Legislature approved October 2, 1920."

The prayer is that an alternative writ of mandamus issue to respondent requiring him to rescind and annul the order transferring petitioner to the circuit court, and to make and enter an order discharging petitioner or adjudging her a dependent, neglected, or delinquent, or that respondent appear and show cause, etc.

The circuit judge sustained demurrer to the petition, and, petitioner refusing to amend or 'plead further, rendered judgment dismissing the petition.

Hill, Hill, Whiting & Thomas, of Montgomery, for appellant.

Mandamus was petitioner's proper remedy. Ex parte Watters, 180 Ala. 526, 61 South. 904; Ex parte Reed, 73 Ala. 548; State v. Pitts, 139 Ala. 152, 36 South. 20; 26 Cyc. 192; Gartman v. Lightner, 160 Ala. 202, 49 South. 412; Barber v. State, 143 Ala. 1, 39 South. 318; 3 C. J. 467. Section 20 of the Act approved October 2, 1920 (Acts 1920, p. 88), is unconstitutional and void. City·Council v. West, 149 Ala. 311, 42 South. 1000, 9 L. R. A. (N. S.) 659, 123 Am. St. Rep. 33, 13 Ann. Cas. 651; City of Talladega v. Sims, 8 Ala.

---

⬅==For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

.App. 474, 62 South. 958; McLaren v. State, 82 Tex. Cr. R. 449, 199 S. W. 811; Ex parte United States, 242 U. S. 47, 37 Sup. Ct. 72, 61 L. Ed. 129, L. R. A. 1917E, 1178, Ann. Cas. 1917B, 355; Yick Wo v. Hopkins, 118 U. S. 356, 6 Sup. Ct. 1064, 30 L. Ed. 220; note, 12 A. L. R. 1436, 1437; 12 C. J. 847; 6 R. C. L. 169; U. S. Cohen Gro. Co., 255 U. S. 81, 41 Sup. Ct. 298, 65 L. Ed. 516, 14 A. L. R. 1045; State v. Goldstein, 207 Ala. 569, 93 South. 308; Const. Ala. 1901, §§ 1, 6, 7, 21; Const U. S. Amend. 14, art. 4, § 4.

J. Lee Holloway, of Montgomery, for appellee.

No' brief reached the Reporter.

BRICKEN, P. J. In the absence of a juvenile court law, the petitioner would be subject to indictment and prosecution, in a court of competent jurisdiction, for any violation of law.

[1] In establishing juvenile courts, the Legislature undertook to create a special tribunal for the handling of cases of juvenile defendants, in order to relieve juvenile defendants under certain circumstances from the rigidity of the law prevailing in courts of more general jurisdiction and for other humane and worthy purposes.

[2] By section 20 of the Acts 1920, p. 88, the Legislature provided in substance that if this specially created tribunal came to the conclusion, after a thorough investigation, or a trial of its disciplinary measures, that a delinquent juvenile was past reformation, then such delinquent could be put to trial in the court that would have originally had jurisdiction of the offense, but for the juvenile law.

We see nothing unconstitutional in this provision. The state may adopt this method of ascertaining whether or not a delinquent is past reformation, and the state may say that a delinquent who is past reformation may be tried in one court and given a certain punishment, and that a delinquent child who is not past reformation may be treated otherwise.

The power lodged in the juvenile court by section 20 of the act 1920, supra, is not an arbitrary discretion. That section contemplates a judicial investigation of the question of whether the child can be reformed. The petition shows that there was a trial in the juvenile court, and "that after the hearing of the evidence, and the conclusion of her said trial," the judge of the juvenile court committed the petitioner to the circuit court of Montgomery county, Ala., to answer an indictment which might be found against her for the offense of grand larceny.

[3] It was as competent for the Legislature to confer jurisdiction on the juvenile court to determine whether the child was past reformation, as it was to confer on that court jurisdiction to determine the age of the child and the fact of its delinquency.

[4] The fact that the child was past reformation having been found by the court, the law, and not the court, says what becomes of the delinquent.

The ruling of the court below in sustaining a demurrer to the petition was correct. It is here affirmed.

Affirmed.

### On Rehearing.

Among other things, the act approved October 2, 1920 (Acts 1920, Special Session, p. 76), declares that "delinquent child" shall mean any male child who, while under 16 years of age, or any female child while under 18 years of age, being or residing in such county, violates any penal law of the United States, or of this state, or any regulation, ordinance or other law of any city, town, or municipality of such county, and who commits any offense or act which he or she could be prosecuted in a method partaking of the nature of a criminal action or proceeding.

Section 5 authorizes the juvenile court to determine the question of delinquency and, when so adjudicated, to declare such children to be, for the purpose of the act, wards of the state and to make and settle such judgments or orders for their custody, discipline, supervision, care, protection, and guardianship as in the judgment of the court will be for the welfare and best interest of such child or children.

[5, 6] In the absence of a provision of this character, a child charged with the commission of a felony would be triable in the circuit court of the county in which the offense was committed. The effect of the provision above referred to is to temporarily suspend the right of the state to proceed against a child in the circuit court for the violation of a criminal statute of the state, and to authorize the juvenile court to adjudge the child to be a delinquent and a ward of the state and to be cared for accordingly. These statutory provisions do not, as is contended in the able brief in behalf of the appellant on application for rehearing, add an element to crime in the case of a juvenile offender. The appellant contends that it is an essential element of every crime when committed by a child that the juvenile court be convinced that the child cannot be made to lead a correct life and cannot be properly disciplined under the provisions of the juvenile court act. This contention is manifestly wrong. If a child feloniously takes and carries away personal property, it is guilty of larceny; but the right or power of the state to prosecute for the offense in the case of a juvenile offender is, by the statute, suspended pro tempore; it is only in cases in which the juvenile court ascertains, either by thorough investigation or a practical trial of its disciplinary measures,

that a juvenile offender is incorrigible, that the law says the state may proceed.

[7, 8] It is unquestionably the law that a statute creating an offense must define the offense with reasonable certainty; that is, with such certainty as that before the commission of the offense the offender may know whether or not he is committing a crime. U. S. v. Cohen Gro. Co., 255 U. S. 81, 41 Sup. Ct. 298, 65 L. Ed. 516, 14 A. L. R. 1045; State v. Goldstein, 18 Ala. App. 587, 93 South. 308. But this well-settled principle of law in no wise affects section 20 of the act under review. It is not an offense for a child to be incorrigible. No punishment is prescribed for incorrigibility. The only effect of the finding by the court of a child's incorrigibility is that it authorizes the state to proceed in the common-law court with the prosecution to which a child would ·be subject in the absence of the special act here in question. If a child is tried and convicted in the common-law court, it is punished for the crime it has committed and not for being incorrigible. It is now well settled that the classification of persons amenable to punishment for crime within the constitutional limitation is a legitimate exercise of legislative authority. R. C. L. vol. 8, p. 64. Two children of the same age are brought before the court. One of them, by reason of physical and mental defects, previous training and environment, is a confirmed criminal. Both of the children are of the same age; both charged with a serious offense. The other child by reason of entirely different conditions is readily amenable to discipline and instruction; there is no constitutional objection to the Legislature saying that in the first case the first child may be tried by common-law court for the violation of a criminal law, and that in the second case the child shall not be tried so long as it is amenable to discipline and is influenced by proper instructions.

Appellant's complaint is that section 20 of the act vests in the juvenile court, or its judge, an unbridled and arbitrary discretion to determine whether or not a child can be made to lead a correct life and be properly disciplined under this act. And appellant argues that no person can tell before the commission of a crime whether a juvenile offender can be made to lead a correct life. Appellant's contention is that the statute does not attempt to enumerate and define with reasonable certainty what is necessary or essential to show in order to convince the juvenile court that a child can or cannot be made to lead a correct life as that language is employed by the statute; that therefore this section is violative of the constitutional guaranty of due process of law.

[9] As pointed out above, if this statute attempted to punish or penalize a failure to lead a correct life there might be some merit in appellant's contention. Such, however, is not the case. A child is not put on trial for being unable to lead a correct life. This section 20 does not contemplate any affidavit, complaint, or indictment by a grand jury. It contemplates a calm, impartial judicial survey of all the conditions affecting and influencing a juvenile offender, and if from such survey and investigation the court is of the opinion that the particular child cannot be properly disciplined, then the law, and not the court, says what becomes of the child. That is what we intended to make clear in the original opinion delivered in this case when we stated that section 20 contemplated a judicial investigation of the question of whether or not a child can be reformed.

The investigation of whether a child can be properly disciplined does not necessarily contemplate an actual trial in open court with the right to examine and cross-examine witnesses. It may include that in the wide discretion of the presiding judge of the juvenile court, in many instances doubtless would include that; but in cases where the practical demonstration of the efforts of the juvenile court and its duly authorized officers in a particular case have demonstrated beyond question that a child is incorrigible and cannot be properly disciplined, it would be a vain and useless thing to require the court or judge to go any further.

[10] While, strictly and literally speaking, there may be difference of opinion among various classes of people as to what constitutes leading a correct life, depending upon their environment, intelligence, religion, and social custom, and while it may likewise be true that, accurately speaking, no one except the Savior himself ever led an absolutely correct life, yet we are of the opinion that such suggestions and criticisms are largely hypercritical and that the language employed is used in its ordinary sense, and when used in its ordinary sense it means nothing more than that a person may be a reasonably useful member of society. When it is shown that by reason of physical and mental deficiency or environment, or other cause, a juvenile offender in all probability will not be a reasonably useful citizen, but in all probability will be an enemy to society, it may be said with confidence that such offender cannot be made to lead a correct life and cannot be properly disciplined under the provision of the juvenile court act.

In the brief filed on the original hearing and again on rehearing, appellant lays great stress on the case of McLaren v. State, 82 Tex. Cr. R. 449, 199 S. W. 811, decided by the Criminal Court of Appeals of Texas in November, 1917. That case is readily distinguishable from the case at bar. In that case the Criminal Court of Appeals said:

"The intent to vest in the trial judge the discretion to determine which individual shall be prosecuted for a felony and which treated as a

delinquent juvenile is not to be inferred. The power is doubtful because it would commit to the trial judge the arbitrary discretion to determine the grade of the offense, without judicial investigation of the facts, or facility for review."

The act approved October 2, 1920, does not undertake to do any of the things which are referred to by the Texas court in the quotation ante. This act does not commit to the trial judge the arbitrary discretion to determine the grade of the offense. Neither does it commit to him an unbridled discretion to determine which individual shall be prosecuted for felony and which shall be treated as a delinquent juvenile. The extent of the judge's authority under section 20 of the act under review is to determine whether or not a juvenile offender can be made to lead a correct life and be properly disciplined. If the judge ascertains that he can, the right of the state to try him for a criminal offense is postponed. If the judge ascertains that the juvenile offender cannot be made to lead a correct life and cannot be properly disciplined, then the state may proceed in its court of appropriate jurisdiction. The case of Mitchell v. State, 134 Ala. 392, 32 South. 687, has been consulted, and we find nothing in it which conflicts with what is here stated.

Application for rehearing is overruled.