(101 So. 68)

### BELL v. STATE. (6 Div. 544.)

(Court of Appeals of Alabama. June 24, 1924.)

**1. Criminal law ⬤⇒281—Facts held admitted by demurrer to defendant's plea.**

In prosecution for assault, in which defendant interposed a plea to jurisdiction on ground that he was under 16, state by demurrer to the plea admitted facts stated therein.

**2. Infants ⬤⇒68—Defendant's plea of infancy held a complete answer to indictment for assault.**

In a prosecution for assault, defendant's plea that at time alleged offense was committed he was under age of 16 was a complete answer to indictment, in view of Gen. Acts 1923, p. 296, § 2, subd. 3, and court was then required under section 11, to transfer case to juvenile court.

**3. Infants ⬤⇒16—"Delinquent child" defined.**

Under Gen. Acts 1923, p. 296, § 2, subd. 3, a "delinquent child" is defined as any child who, while under 16 years of age, violates any penal law, federal or state, or any regulation, ordinance, or law of any town, city, or municipality, or who commits any offense or act for which he could be prosecuted in a method partaking of a criminal action or proceeding, etc.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Delinquent Child.]

Appeal from Circuit Court, Jefferson County, Bessemer Division; J. C. B. Gwin, Judge.

Charlie Bell, alias Golstan, was convicted of assault with a weapon, and appeals. Reversed and remanded.

Benton & Bentley, of Bessemer, for appellant.

The circuit court has no jurisdiction to try a female child under 16 years of age charged with a penal offense. Acts 1919, p. 128; Acts 1923, pp. 298, 309; York v. Willingham, 18 Ala. App. 59, 88 South. 218; 14 R. C. L. 277; In re John Sharp, 15 Idaho, 120, 96 Pac. 563, 18 L. R. A. (N. S.) 886.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

If a child is as much as 16 years of age, it is not required that her trial be transferred to the juvenile court. Acts 1915, p. 584; Acts 1923, p. 309.

BRICKEN, P. J. The appeal here is upon the record proper, and the sole question presented is raised by the court having sustained the general demurrer of the state to defendant's several pleas as to the jurisdiction of the circuit court of Jefferson county (Bessemer Division) to try the defendant, who in answer to the indictment set up by plea A, that the court had no jurisdiction to try and determine this cause, for that the defendant at the time the alleged offense was committed, if committed at all, was under the age of 16 years, etc. The plea was in proper form and duly verified by the affidavit of defendant.

[1] By demurring to this plea the state admitted the facts stated therein; that is to say, that this defendant was under 16 years of age at the time of the alleged commission of the offense upon which the indictment was predicated.

Demurrer was also sustained to other pleas of similar import.

[2, 3] Under the statute a "delinquent child" is defined to be any child who, while under 16 years of age, violates any penal law of the United States or of this state, or any regulation, ordinance, or law of any city, town, or municipality, or who commits any offense or act for which he could be prosecuted in a method partaking of the nature of a criminal action or proceeding, etc. Acts 1923, p. 296, § 2, subd. (3).

By the express terms of this same statute, in section 11 thereof, it is provided: Whenever a child under 16 years of age is brought before a magistrate of any court in the county other than the juvenile court, charged with any offense, such magistrate or court shall forthwith, by proper order, transfer the case to the juvenile court of the county, thus conferring exclusive original jurisdiction upon the juvenile court (in this instance the court of domestic relations [Acts 1923, p. 612]) of all delinquent children under 16 years of age.

Plea A therefore was a complete answer to the indictment so far as this particular proceeding under its then status was concerned, and the court committed reversible error in sustaining the demurrer to this plea. Under the statute, supra, the court was without authority or jurisdiction to finally hear and determine this case at that time; the defendant being, as admitted by the state,

⬤⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

a delinquent child under the age of 16 years. This being true, the court should have followed the mandatory terms of the statute, which provides, in instances of this sort, the "court shall forthwith, by proper order, transfer the case to the juvenile court of the county."

As stated, no other question is presented. It is not deemed essential to discuss here the duty or line of procedure to be followed by the juvenile court, as the terms of the statute are plain and without ambiguity. In the case of Macon v. Holloway (Ala. App.) 96 South. 933,[1] a general discussion of these questions were indulged by this court. See, also, Berry v. State, 209 Ala. 120, 95 South. 453.

Reversed and remanded.

