(111 So. 645)

DAVIS v. STATE. (4 Div. 256.)

(Court of Appeals of Alabama. Jan. 18, 1927. Rehearing Denied March 8, 1927.)

1. Infants ⬤➔68—Circuit court may try .16 year old infant for crime of murder committed when he was 15.

Where it affirmatively appears that infant, charged with second degree murder, at time of trial was more than 16 years of age, circuit judge may proceed with trial, although crime was committed when defendant was 15 years of age only.

2. Homicide ⬤➔189—Permitting defendant to show former difficulties between him and deceased held proper.

In prosecution for second degree murder, permitting defendant to show there had been former difficulties between him and deceased held proper.

3. Homicide ⬤➔189—Refusal to permit in evidence details of former difficulties between defendant and deceased held not error.

In prosecution for second degree murder, there was no error in refusal to allow details of former difficulties between defendant and deceased.

4. Criminal law ⬤➔364(2), 413(1)—Defendant's evidence he told deceased he was not mad and wanted to be friends held self-serving declaration and not part of res gestæ.

In prosecution for second degree murder, where court properly permitted defendant to show former difficulties with deceased, defendant's offer to testify that he told deceased he was not mad with him and offered to be friendly held properly refused as self-serving declaration and not part of res gestæ.

5. Homicide ⬤➔188(5)—Refusal in murder prosecution to admit evidence that deceased's brother had instituted peace proceedings against deceased held proper.

In prosecution for second degree murder, refusal of defendant's evidence that deceased's brother had instituted peace proceedings against deceased and put him under bond held proper.

6. Homicide ⬤➔188(5)—Inquiry as to character of deceased as violent and turbulent man must relate to general repute.

In murder prosecution, inquiry as to character of deceased as being a violent and turbulent man must relate to general repute; it not being possible to show alleged specific acts of conduct.

7. Homicide ⬤➔164—Refusal of record of marriage of deceased to show his age held not error.

In prosecution for second degree murder, refusal of marriage record of deceased, offered by defendant solely to show deceased's age, held not error; it relating to immaterial matter.

Appeal from Circuit Court, Covington County; N. D. Denson, Judge.

Otis Davis was convicted of first degree manslaughter, and he appeals. Affirmed.

Baldwin & Murphy, of Andalusia, for appellant.

Counsel discuss the questions raised and considered, but without citing authorities.

Harwell G. Davis, Atty. Gen., for the State.

Brief of counsel did not reach the Reporter.

BRICKEN, P. J. This appellant, defendant in the court below, was put to trial upon counts 1 and 2 of the indictment, each count charging the offense of murder in the second degree. He was convicted of manslaughter in the first degree, and the jury, by its verdict fixed his punishment at imprisonment in the penitentiary for five years. Judgment of conviction was accordingly pronounced and entered, from which this appeal was taken.

[1] At the time of the fatal difficulty between defendant and the deceased this appellant was under the age of 16 years. The alleged killing occurred on December 13, 1925, and from the defendant's own testimony he became 16 years of age on the following March 21, 1926. The trial was had, from the judgment of which this appeal was taken, on May 27, 1926. The record discloses all this without dispute. The defendant was, therefore, over the age of 16 at the time of the trial, but was a few months under 16 when the alleged killing occurred.

Before pleading to the merits of the indictment, the defendant interposed a special plea as follows:

"Comes the defendant, and for answer to the indictment in this cause pleads and says that this court has no jurisdiction to try and determine this cause for that he was, at the time the alleged offense was committed, if committed at all, under the age of 16 years, all of which the defendant is ready to verify, and prays judgment that this court should take no further jurisdiction or cognizance of the indictment aforesaid. Otis Davis.

"Sworn to and subscribed before me this' the 26th day of May, 1926.
"Ralph A. Clark, Clerk."

It does not appear from the record that the court took cognizance of the above plea, and counsel for appellant inform us by brief and argument that no action thereon was taken by the court. Appellant insists that by

such failure the court committed error to a reversal. We do not so conclude, for, as hereinabove stated, it affirmatively appears that the defendant at the time of the trial was more than 16 years of age, and, this being true, the circuit court had jurisdiction of the person. It has been expressly so held in the case of Lane v. State, 20 Ala. App. 192, 101 So. 521. See, also, Macon v. Holloway, 19 Ala. App. 234, 96 So. 933.

[2-4] The court properly allowed the defendant to show that there had been former difficulties between him and the deceased, but there was no error in the court's rulings in not allowing the details of said former difficulties to be given in evidence, and ruled correctly in not allowing the defendant to testify: "I told Sam that I was not mad with him and to let's be friendly." This alleged statement related to a former difficulty. It was not only a self-serving declaration, which the rules of evidence do not allow, but it was also no part of the res gestæ of this trial.

[5, 6] By numerous witnesses the defendant offered to prove, and did prove, that the character of the deceased was that of a violent, turbulent and bloodthirsty man. In this connection the defendant offered to show by some of his witnesses that the brother of the deceased had instituted peace proceedings against him and had him put under bond to keep the peace. This the court would not allow, and the defendant reserved an exception. This ruling was not error. An inquiry of this character must relate to general repute. It is not permissible to show alleged specific acts of conduct. Moreover, the evidence here sought would of necessity have injected into the trial of this case an issue foreign to the issues involved upon this trial. The action of deceased's brother in instituting peace proceedings and having deceased placed under a peace bond may have been unfounded and without good and sufficient reasons, and if this evidence had been permitted, under the elementary rules of evidence, the state would have been allowed to rebut same and enter into the merits or demerits of the peace proceedings, thereby engendering upon this trial an issue not involved.

[7] The remaining exception relates to the attempt by the accused to offer in evidence the marriage record of Covington county, Ala., which contained a record of the purported marriage of the deceased, the purpose of which, as indicated by defendant, was to show the age of the deceased, and the offering of the record was limited to that extent. The court would not allow the record to be introduced, and defendant excepted. There are several reasons why this ruling was without error. It related to an immaterial matter. The record was not properly authenticated or identified. Moreover, the age of the deceased could not properly be shown in this manner.

No special charges were requested. No motion for a new trial was made. The points of decision presented have each been discussed and decided. The record proper is regular and without error.

The judgment of conviction in the lower court, from which this appeal was taken, must stand affirmed. It is so ordered.

Affirmed.