SMITH, Justice:
Separate actions for damages for personal injuries were begun in the Circuit Court of Harrison County by Appellants, Mrs. Catherine V. Conner, and her husband, Wendall P. Conner, against Appellees, Tony Neil Hatcher, a fifteen-year-old minor, and his parents, G. T. Hatcher and Mrs. Helen C. Hatcher.
It was alleged in both cases that plaintiffs, appellants here, had been severely and permanently injured when a Volkswagen, driven by Wendall P. Conner, and in which his wife, Mrs. Catherine V. Conner, was a passenger, had been run into from the rear by a Rambler automobile driven by Tony Neil Hatcher. Hatcher’s parents, G. T. Hatcher and Mrs. Helen C. Hatcher, who owned the Rambler, were made defendants upon the basis of the obligation they had assumed upon the issuance of a driver’s license to their fifteen-year-old son. The cases were consolidated by agreement and were tried together. Separate verdicts were returned by the jury, the verdict for Wen-dall P. Conner having been for $10,000 and' *311 that for Mrs. Catherine V. Conner for $40,000.
A motion for a new trial was made in each case upon the ground, among others, that the verdict was grossly excessive and was so large as to evince passion and prejudice upon the part of the jury. The court sustained these motions and ordered a new trial in each case, upon the issue of damages alone, unless a remittitur were entered amounting to fifty per centum of the amount awarded.
Plaintiffs declined to enter remittiturs, and have appealed here from the judgments granting new trials as permitted by Mississippi Code 1942 Annotated section 1536 (1956). The defendants have not appealed in either case. The only ground assigned and argued by appellants for reversal is that it was manifest error or a manifest abuse of discretion on the part of the trial court to order a new trial upon the issue of damages unless the remittiturs were entered.
The rule to be applied by this Court in reviewing the action of a trial court in ordering a new trial is firmly established. In Dendy v. City of Pascagoula, 193 So.2d 559, 564 (Miss.1967), it is stated as follows:
We have consistently held in a long line of cases that this Court, in considering the action of the trial court in passing on a motion for a new trial will consider the action with favor and support it unless it is manifestly wrong. Especially is this true where a new trial has been granted, since the rights of the parties are not finally settled at this point. We will not disturb such action unless it is a manifest abuse of discretion. Capital Transport Co., Inc. v. Segrest, 254 Miss. 168, 181 So.2d 111 (1965); Rayner v. Lindsey, 243 Miss. 824, 138 So.2d 902 (1962); Long v. Magnolia Hotel Co., 236 Miss. 655, 111 So. 645, 114 So.2d 667 (1959); Harper v. Mississippi State Highway Commission, 216 Miss. 321, 62 So.2d 375 (1953); Smith v. Walsh, 63 Miss. 584 (1886).
We have concluded from a careful review of the record that it was established, without substantial dispute in the evidence, that the Rambler, driven by Hatcher, ran into the rear of the Volkswagen, driven by Wendall P. Conner and in which Mrs. Catherine V. Conner was riding, at a time when it had stopped in traffic. We have concluded further that there is no evidence of contributory negligence on the part of Wendall P. Conner or Mrs. Catherine V. Conner. The only conflict in the evidence relates to the force of the collision, the evidence for the Hatchers having tended to show that it was slight and that for the Conners that it was more severe. There was little or no physical damage to the Rambler, and repairs to the Volkswagen cost $51.58.
In addition to the plaintiffs’ own testimony regarding the nature and extent of their injuries the record contains the testimony of three doctors. No medical evidence was offered by defendants.
At the time of the collision, Wendall P. Conner was forty-three years old. In 1942 he had been hospitalized following a back strain and had been treated from time to time for muscle spasms and back pain over the years since that date. He testified, however, that he had not, prior to the collision, experienced pain down his leg and that the condition of his back had improved considerably since 1942. He also stated that he had participated actively in sports. He said that he had not sought medical aid for about two months following the collision.
Two neurosurgeons testified, solely upon the basis of subjective symptoms, that they felt that Conner was suffering from a ruptured lumbar disc. They also stated, upon the same basis, that they considered that this had occurred as a result of the collision. They admitted, however, that they could not say when a disc had ruptured. Conner testified that since the collision he experienced persistent pain in the lower back which radiated through his *312 hip down the back of the thigh and calf down into the foot and toe and that this, at times, interfered with his ability to work and required that he go home and lie down.
Conner also testified that he had been involved in a “rear end” collision in California in 1951 and also in an automobile wreck in Germany in 1945. He admitted that, prior to the present injury, he experienced back pains a “couple times or three a year.” He said that his treatment had been limited to physical therapy, consisting of home exercises. The neurosurgeon to whom he was sent shortly before trial for evaluation of his condition testified that his X-rays showed no abnormalities nor any narrowing of the interspaces.
In Rayner v. Lindsey, 243 Miss. 824, 831, 138 So.2d 902, 905 (1962), this Court said:
“ * * * that fixing the amount of money damage in personal injury cases is a difficult thing to do, and that this primarily is the province of the jury. We should not disturb the verdict unless the amount is so excessive or so small as to be against the great weight of the evidence and shows the verdict was the result of passion, prejudice or bias.”
In the Rayner case, supra, this Court said:
The trial judge not only heard the testimony of the witnesses, including the medical evidence, but he saw the plaintiff in court, and in addition had an opportunity to hear the history of other similar cases read and discussed by eminent attorneys, to the end that when it became his duty to pass upon a motion for a new trial upon the question of excessiveness of the verdict, he could focus not only the facts but the law on the question of damages. It was his duty in the first instance to determine whether or not a new trial should be granted movant. 243 Miss, at 832, 138 So.2d at 905.
Upon the whole record, as it relates to the collision, the medical history and prior physical condition of Conner, and the evidence offered to show the injuries which he claimed to have sustained, we are unable to say that the trial court, in granting a new trial in his case, upon the question of damages alone, manifestly abused its discretion.
A different situation exists in the case of Mrs. Conner. The uncontradicted testimony is that prior to the collision Mrs. Conner was in excellent health and unusually active. She did all of her own house work, including the family washing and ironing, and regularly participated in active sports, including softball.
The substance of the evidence relating to her injuries follows.
When the collision occurred she immediately complained of severe pain in her neck. She was driven at once to the Keesler Air Force Base Hospital where she was seen in the emergency room by a doctor who prescribed medication and directed that she return if she did not obtain relief. She continued to experience such severe pain in her neck that she returned to the hospital two days later and was treated at the orthopedic clinic. She remained under this treatment, consisting of physical therapy, application of traction and head treatment for several months. However, her condition, instead of improving, worsened. She began to lose the use of her left arm, and, upon having returned to the hospital, was placed under the care of a neurosurgeon.
She was hospitalized this time for fifteen days. A myelogram confirmed a diagnosis that she had suffered two ruptured cervical discs at C5-6 and C6-7. She then underwent surgery, these discs were removed, and an anterior cervical fusion at levels C5-6 and C6-7 was performed. Bone for this purpose was surgically removed from her hip and inserted in the intervertebral spaces. She was placed in a plaster cast extending from her ears around her neck and up to her lower lip and down upon both shoulders. After a time, this cast was removed. A second cast was applied which *313 she continued to wear for four months. Her condition then required that she wear a neck brace to prevent movement of her neck, and this was worn intermittently for several months. Her treatment involved approximately eighty trips to the hospital. The doctors who testified, including the surgeon who performed the operation, stated that the injury which Mrs. Conner had sustained was extremely painful and permanently disabling. After the operation, she continued to experience severe muscle spasm of the lower neck. She was no longer able to do her house work, engage in games with her young daughter, ride a horse or to engage in the other sports she had previously enjoyed. She was highly nervous and unable to sleep or rest for any length of time or be comfortable.
It was the opinion of the doctors who testified, based upon Mrs. Conner’s medical history and both subjective and objective findings, that the ruptured discs were the result of the injury, that Mrs. Conner sustained in the collision. Mrs. Conner, herself, testified that, at the moment when their Volkswagen was struck by'Hatcher’s automobile, she suffered a “hot, searing pain” in the back of her neck extending to the base of her skull. She had never had any trouble with her neck prior to the collision. In addition to the operation for removal of the discs and the fusing of the vertebrae, the operation on Mrs. Conner’s hip to obtain the bone plugs used for that purpose was painful, slow in healing and in itself contributed to her disability.
The evidence as to liability, as well as that relating to the nature, severity, extent and permanency of Mrs. Conner’s injuries is undisputed.
It is true that upon appeal the action of the trial court, on sustaining a motion for a new trial, will “be favorably considered” and will be affirmed unless it shall appear that the trial court in so doing was in manifest error or unless the action of the trial court in sustaining the motion shows a manifest abuse of discretion.
In the case now before us, it is beyond dispute that the collision was the proximate result of negligence .on the part of Hatcher in operating his automobile and that Mrs. Conner was wholly free of contributory negligence. Moreover, it is undisputed that, prior to the collision, she was in good health, was a person unusually active in sports and habitually did all of her own house work. Following the accident, she underwent the most excruciating pain for a long period of time, was forced to undergo major surgery, has continued and will continue to experience severe pain, and has suffered a substantial disability. None of this is in dispute. Therefore, although we are reluctant to disturb the action of the trial court in sustaining the motion and in ordering a new trial upon the issue of damages alone, we have reached the conclusion that he was manifestly in error in so doing in the case of Mrs. Conner.
The order of the trial court in ordering a new trial as to damages alone in the Wendall P. Conner case will be affirmed unless, within IS days from the date upon which the judgment of this Court shall become final, he shall enter a remittitur in the amount of $5,000.
The order of the trial court in sustaining the motion for a new trial as to damages alone in the case of Mrs. Catherine V. Conner is reversed, the verdict of the jury and the judgment entered pursuant thereto in her favor against the defendants for $40,-000, are reinstated.
Affirmed, upon condition of remittitur, as to Wendall P. Conner; otherwise remanded for a new trial upon the issue of damages alone.
Reversed and verdict and judgment reinstated as to Mrs. Catherine V. Conner.
GILLESPIE, P. J., and JONES, INZER and ROBERTSON, JJ., concur.