ROBERTSON, Justice:
On the second trial of an eminent domain suit in the Circuit Court of Coving-ton County, Mississippi, a judgment for $75,000.00, based on a jury verdict for that amount, was rendered for Mrs. C. C. Rogers and others, against the Mississippi State Highway Commission. The appellant sought to condemn .31 of an acre for relocating and reconstructing U. S. Highway 84 in Collins, Mississippi, and to acquire a temporary easement over .03 of an acre to be used during reconstruction of the highway. Located partially on the .31 of an acre was a complete service station facility built in 1944 and operated continuously since. This facility together with an extensive retaining wall would be completely demolished. In addition to a complete service station business, one of the appellees operated the distributorship for American Oil Company out of an office in the service station.
On appeal to this Court, the appellant has assigned as error:
I.
“The Lower Court erred in disturbing the findings of the jury in the trial of this cause at the May 1971 term of court by entering an additur of Fifteen Thousand Dollars ($15,000), thereby increasing the jury’s verdict from Twenty-Seven Thousand Five Hundred Dollars ($27,500) to Forty-Two Thousand Five Hundred Dollars ($42,500), and by subsequently granting a new trial.
II.
“The Lower Court erred by failing to enter a remittitur at the conclusion of the second trial and by failing to grant unto the Mississippi State Highway Commission a new trial in that the verdict of Seventy-Five Thousand Dollars ($75,000) was against the overwhelming weight of the evidence and was so excessive as to evidence bias, passion, prejudice, sympathy or mistake on the part of the jury.
III.
“The Lower Court erred in failing to sustain certain objections of the Mississippi State Highway Commission to certain evidence offered by the landowners in the new [second] trial of this cause.”
This case was first tried by a special court of eminent domain on December 22, 1970. The jury returned a verdict for $60,000.00. That verdict was appealed by both the State Highway Commission and the property owners, Mrs. C. C. Rogers and the lessees. The cause was then tried de novo at the May, 1971, term of the Cov-ington County Circuit Court, and resulted in a jury verdict for $27,500.00. Mrs. Rogers and the lessees moved for a new trial, and the court, after hearing and considering that motion, granted an additur in the amount of $15,000.00. The State Highway Commission -refused to accept the additur and pay the judgment as increased, and a new trial was granted. The case was tried again de novo at the September, 1971, Term of Court and resulted in the judgment for $75,000.00, based upon the jury’s verdict for that amount.
Section 1686.5, Mississippi Code 1942 Annotated (Supp.1972), was amended in *733 1971 to provide also for an additur, and now reads:
“The Supreme Court or any other court of record in a case in which money damages were awarded may overrule a motion for new trial or affirm on direct or cross appeal, upon condition of an ad-ditur or remittitur, if the court finds that the damages are excessive or inadequate for the reason that the jury or trier of the facts was influenced by bias, prejudice, or passion, or that the damages awarded were contrary to the overwhelming weight of credible evidence. Tf such additur or remittitur be not accepted then the court may direct a new trial on damages only. If the additur or remittitur is accepted and the other party perfects a direct appeal, then the party accepting the additur or remittitur shall have the right to cross appeal for the purpose of reversing the action of the court in regard to the additur or re-mittitur.”
In providing for the additur, the circuit court tracked this statute. The order entered recites, among other things, that the court:
“[Fjinds that the verdict of the jury in this cause in the sum of $27,500.00 is inadequate, and contrary to the overwhelming weight of the credible evidence in this cause; and that by virtue of Chapter 396 of the General Laws of the Regular Legislative Session of Mississippi of 1971, being Senate Bill No. 1550, that this court does add to the said verdict, by making an additur thereto of the sum of $15,000.00; thereby increasing the said verdict and judgment to the total sum of $42,500.00; conditioned that upon the failure of the petitioner, Mississippi State Highway Commission, to pay said verdict and judgment in the amount of $42,500.00, within a period of thirty (30) days from and after this date, then, the defendants be and they are hereby granted a new trial in this cause; . . .”
Even though Houston v. Page, 208 So.2d 901 (Miss.1968), was decided before the 1971 amendment of Section 1686.5, the following reasoning of the Court in that case is still applicable:
“Although fixing the amount of damages in a case of this kind is primarily a matter for the jury, the statute clearly contemplates that the trial judge, from his station of vantage, shall see to it that such awards are kept reasonably within the bounds of the evidence. If the trial court should consider that a verdict is, upon the evidence, either grossly excessive or inadequate, he may, and indeed should, set it aside and award a new trial.” 208 So.2d at 905.
The trial judge is in a particularly knowledgeable position in such cases. He has not only personally heard the testimony from the witness stand but also has personally observed and studied the appearance, demeanor, attitude and sincerity of each witness as he or she testified. The trial judge is in a uniquely advantageous position to pass upon the excessiveness or inadequacy of the jury verdict. In the case at bar, we feel that the trial judge was eminently correct in ordering a $15,000.00 ad-ditur after carefully considering and analyzing the credible evidence in this case. As the trial judge found in his order, the $27,500.00 verdict was inadequate and contrary to the overwhelming weight of the credible evidence.
In Dendy v. City of Pascagoula, 193 So. 2d 559 (Miss.1967), we repeated the test to be applied to the action of the trial court in passing on a motion for a new trial:
"We have consistently held in a long line of cases that this Court, in considering the action of the trial court in passing on a motion for a new trial will consider the action with favor and stipport it unless it is manifestly wrong. Especially is this true where a new trial has been granted, since the rights of the parties are not finally settled at this point. *734 We will not disturb such action unless it is a manifest abuse of discretion193 So.2d at 564. (Emphasis added).
See also, Seals v. St. Regis Paper Co., 236 So.2d 388 (Miss.1970) and Conner v. Hatcher, 203 So.2d 309 (Miss.1967).
The appellant had three choices when the court announced its decision to order a new trial unless the additur was accepted. The appellant could (1) refuse to accept and try the case again; (2) appeal from the order granting a new trial under this express proviso of Section 1536, Mississippi Code 1942 Annotated (1956):
“Provided, however, that when the sole ground for a new trial is the excessiveness or inadequacy of damages assessed, the party aggrieved may elect to appeal from the order granting a new trial.”;
or (3) accept the additur and pay the judgment. Appellant chose to refuse the addi-tur and to take its chances on a new trial. It cannot now rue back on its deliberate choice nor be heard to complain of error in the court’s ruling granting a new trial when it had refused to pay the additur.
The appellant next contends that the trial court erred in failing to enter a remittitur after the second trial, which resulted in a jury verdict for $75,000.00 because the jury verdict “was so excessive as to evidence bias, passion, prejudice, sympathy or mistake on the part of the jury.”
George Jones, a Hattiesburg realtor of 31 years wide and varied experience in selling, leasing, managing and appraising real property of all kinds, was a witness for the first time at the second trial. He used appropriate comparable sales in his analysis of the damages suffered. He testified as to the value of the land alone, depreciated value of the improvements, and the total value before and after the taking. His opinion as to the total damages sustained by the appellees was $75,700.00. His detailed reasoning and analyses were logical and realistic and the jury and judge had a right to accept his expert opinion as to the total damages suffered by appellees.
On the other hand, the testimony of the State Highway Commission appraiser that the taking of a proved prime service station facility site and the complete destruction of the service station facility resulted in total damages of only $20,100.00 was not realistic, logical, reasonable or credible. The jury and judge had a right to reject his testimony or give it very little weight.
Mrs. C. C. Rogers, the landowner and operator of the service station for many years, testified that her total damages were $125,000.00. The jury brought in a verdict for just $700.00 less than the appraisal of George Jones, the most experienced and objective appraiser of them all.
We repeat that the jury and judge had the right to give great weight to the testimony of the most credible witness, and we feel that the judge was correct in not ordering a remittitur.
The third and last assignment of error was that the court erred in allowing Mrs. C. C. Rogers, the landowner, to testify that a good service station business had been built up over the years at the location sought to be condemned. The appellant was frank to admit in its brief that it made no issue over the fact that the highest and best use of the Rogers property was commercial, The appellant apparently contends that the landowner was allowed to repeat the fact that she was losing a business which had been built up over a 45-year period. We do not find this testimony objectionable especially in view of the fact that it was not pursued further and there was no testimony as to profits or income from the service station business, and the jury was properly instructed that no loss of business should be considered. Mississippi State Highway Commission v. Valentine, 239 Miss. 890, 124 So.2d 690 (1960), does not apply to this case.
We cannot say that the $75,000.00 verdict of the jury was against the over *735 whelming weight of the evidence, nor that it was so excessive as to evidence bias, passion or prejudice on the part of the jury.
The judgment of the trial court is, therefore, affirmed.
Affirmed.
RODGERS, P. J., and PATTERSON, INZER and SUGG, JJ., concur.