HUBERT TAYLOR, Judge.
Appellant was convicted of being over the age of eighteen and selling marijuana to a person who had not attained the age of eighteen, in violation of § 20-2-73, Code of Alabama 1975. Sentence was five years in the penitentiary. Three issues are presented for our review.
The first issue is whether Sledge comes within the proscription of the statute under *4 which he was convicted. Sledge had not reached his nineteenth birthday when the offense was committed, so he questions whether he is over eighteen within the meaning of the statute.
Three Alabama cases have been found that indirectly address this issue. The first is Davis v. State, 21 Ala.App. 649, 111 So. 645, 646 (1927), in which the court said, “... from the defendant’s own testimony he became 16 years of age on the following March 21, 1926. The trial was ... on May 27, 1926_ The defendant was, therefore, over the age of 16 at the time of trial.” Both Randolph v. Kessler, 275 Ala. 73, 152 So.2d 138 (1963), and Clark v. State, 239 Ala. 380, 195 So. 260 (1940), support the interpretation that one who has passed a particular birthday is “over” the age of his last birthday. This interpretation is consistent with the legislative purpose of preventing the type of crime proscribed by the statute. We hold Sledge was properly tried under the statute.
The next issue was whether Sledge’s age was admissible. Sledge, while in custody and the focus of the investigation, answered questions about his age and identity before being given the Miranda warnings. We find that his statement concerning his age falls within the category of routine information which a law enforcement officer may obtain from an accused before advising him of his Miranda rights. Varner v. State, 418 So.2d 961 (Ala.Cr.App.1982).
The third issue involves the State’s proof of the corpus delicti. Sledge claims that his age is part of the corpus delicti and, therefore, the State was required to submit independent evidence of his age apart from his so-called extrajudicial confession, which the State failed to do. We do not agree.
Appellant’s statement was not in the nature of a confession and the need for corroboration is questionable at best. In any event, the purpose of the rule is to ensure the trustworthiness of extrajudicial admissions or confessions. To that end, the law of this State does not require proof of every element of the corpus delicti:
“[I]nconclusive facts and circumstances tending prima facie to show the corpus delicti may be aided by the admissions or confession of the accused so as to satisfy the jury beyond a reasonable doubt ... although such facts and circumstances, standing alone, would not ... satisfy the jury of the existence of the corpus delicti.” Marvin v. State, 407 So.2d 576, 579 (Ala.Crim.App.1981); see also Watters v. State, 369 So.2d 1262, 1271 (Ala.Crim.App.1978), reversed on other grounds, 369 So.2d 1272 (Ala.), on remand, 369 So.2d 1275 (Ala.Crim.App.1979).
For these reasons, the judgment of the lower court is due to be affirmed.
AFFIRMED.
TYSON, HARRIS and SAM TAYLOR, JJ., concur.
BOWEN, P.J., concurs in result only.