# Cherry *v.* The State.

*Indictment for Selling Liquor to Minor.*

1. *Age; witness may testify to his own age.*—A person may testify to his own age; and his testimony is not rendered inadmissible by his further statements, given as reasons for his testimony as to the fact, "that his mother told him so, and that it was written down in a book, which his father had in his pocket in the court house."

2. *Evidence; when general objection to, may be overruled.*—A general objection to evidence, a part of which is inadmissible, may be overruled entirely.

APPEAL from the Circuit Court of Pike.
Tried before the Hon. H. D. CLAYTON.
Robert Cherry was indicted at the Spring term, 1880, of

[Cherry v. The State.]

the Circuit Court of Pike county, for selling or giving liquor to Daniel Allen, a minor. On the trial said Allen testified that he was not twenty-one years of age at the time the whisky was given to him, that he was twenty-one years of age "on the 14th day of May last." When asked how he knew his age, he replied that his father and mother told him, and that it was written down in a book which his father had in his pocket in the court house. The defendant asked the court to exclude this answer, but the court refused to do so, and the defendant excepted. There was other evidence to the same effect as that of the minor, and some on behalf of defendant tending to show that the alleged minor was of age at the time in question. The defendant requested the court to charge the jury that if they believed the evidence they must find for the defendant. This charge the court refused to give, and the defendant excepted.

There was a verdict of guilty. The rulings of the court on the evidence, and the refusal to charge as requested, are the errors assigned.

H. C. Tompkins, Attorney-General, for the State.

(Note by Reporter.—No briefs came into the hands of the Reporter, nor does it appear by whom appellant was represented.)

SOMERVILLE, J.—Hearsay evidence is always admissible to prove pedigree, and this term embraces not only questions of descent and relationship, but also the particular facts of birth, marriage and death, and the *times* when these events may have happened. And any book, document, or paper containing entries made by a parent or relation, as to such facts, may be received as the written declarations of deceased persons who respectively made them.—1 Taylor on Ev. §§ 444, 450. Such evidence is held admissible not only from the extreme difficulty of providing any better, but is resorted to upon the ground of the interest of the declarants in all such matters of family relationship and connection.—1 Greenl. Ev. 103 ; 2 Best on Ev. § 498. The better opinion seems to be that the declarations of third persons can not be admitted to prove pedigree unless it is shown that they are deceased. *White v. Strother*, 11 Ala. 720 ; *Baintree v. Hingham*, 1 Pick. 245 ; 2 Best Ev. § 498. These principles do not preclude a person from testifying to his own age, which is a matter of pedigree, and which he is presumed to know in the same sense that he knows of a custom or prescription. The testimony of the witness Daniel Allen was properly admitted.

[Murphy v. The State; Barnard v. The State.]

The statement as to his own age was primary and not secondary evidence. This was not vitiated by the reason given, that his mother told him so, and that it was written down in a book which his father had in his pocket in the court house. *Bain v. State*, 61 Ala. 75. If the latter portion of the reason given was objectionable, the first part, as to what the mother of the witness had told him, was not. Where a party interposes a general objection to evidence, which is partly admissible, and partly inadmissible, it should be overruled. The court will not undertake the duty and labor of analyzing the evidence so as to aid the litigant to separate the legal from the illegal; this constitutes for him a new exception different from the one which he has framed, and upon the strength of which he has assigned error. He is not, furthermore, permitted to speculate, in this manner, upon the chances of obtaining, by so broad an exception, more than he can fairly and legally claim. The same rule is applicable to charges consisting of several distinct legal propositions, a part only of which is objectionable.— *Bernstein v. Humes*, 60 Ala. 582 ; *Gray v. State*, 63 Ala. 66.

There is no error in the ruling of the Circuit Court, and its judgment is affirmed.