(101 So. 521)

### LANE v. STATE. (4 Div. 937.)

(Court of Appeals of Alabama. June 24, 1924. Rehearing Denied July 22, 1924.)

**1. Infants ⬥68—Transfer to juvenile court, or trial for crime charged, within trial court's sound discretion.**

Under Acts 1915, p. 584, § 9, as amended by Acts 1923, p. 309, § 11, whether child between 16 and 18 years old, brought before court on criminal charge, shall be transferred to juvenile court, or put to trial for crime charged, is within sound discretion of trial court.

**2. Infants ⬥68—Circuit court may try 17 year old infant for crime committed when he was 15 without transferring him to juvenile court.**

Under Acts 1923, p. 309, § 11, judge may proceed to trial of one 17 years old, when brought before court on charge of crime committed when he was 15, though he may transfer him to juvenile court, if deemed in interest of justice and public welfare.

**3. Criminal law ⬥815(1)—Charges not predicated on evidence properly refused.**

Charges not predicated on evidence are properly refused.

**4. Homicide ⬥300(15)—Charge on self defense held faulty as ignoring question of freedom from fault in bringing on difficulty.**

In prosecution for assault to murder, charge that one having retired to his own home need not yield further to his assailant, but may stand at bay and turn on and kill latter, if apparently necessary to save his own life, held faulty as ignoring question of freedom from fault in bringing on difficulty.

Appeal from Circuit Court, Coffee County; W. L. Parks, Judge.

Alex Lane was convicted of assault and battery, and appeals. Affirmed.

Certiorari denied by Supreme Court in Ex parte Lane, 211 Ala. 615, 101 So. 522.

Charge 5, refused to defendant, is as follows:

"(5) The court charges the jury that a man's house is his own castle, and having retired to his own home, he is not compelled to yield further to his assailant; that having reached his home, he may stand at bay, and may turn on and kill his assailant, if this be apparently necessary to save his own life."

J. N. Ham, of Elba, Fleming & Yarbrough, of Enterprise, and Farmer, Merrill & Farmer, of Dothan, for appellant.

The trial court erred in sustaining demurrer to defendant's plea to the jurisdiction and in not transferring the case to the juvenile court. Acts 1915, p. 577, § 9; Hampton v. State, 167 Ala. 73, 52 So. 659; Cogburn v. State, 16 Ala. App. 189, 76 So. 473; Felder v. State, 17 Ala. App. 458, 85 So. 868; Berry v. State, 209 Ala. 120, 95 So. 453; 14 R. C. L. 277.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

There was no duty on the court to transfer the case to the juvenile court, since at the time the defendant was brought before him he was over 16 years of age. Acts 1915, p. 584, § 9; Acts 1919, p. 309, § 11; Acts 1923, p. 296.

FOSTER, J. The defendant was indicted for assault with the intent to murder, and was convicted of assault and battery.

There was a plea to the jurisdiction of the court on the ground "that at the time the offense was committed the defendant was under 16 years." The record recites that the defendant for plea said he was not guilty and filed a suggestion and plea of 16 years of age and motion to transfer the case to the juvenile court; that the court thereupon ascertained that the defendant was 17 years of age and overruled the suggestion, and the court thereupon sustained the state's demurrer to the defendant's petition "on the ground that it failed to show the defendant is now under the age of 16 years." The offense was committed on April 10, 1922, the indictment was returned on September 26, 1922, the defendant was 17 years of age on October 2, 1923, and the case was tried on October 9, 1923.

[1] The applicable portion of the act (Acts 1915, p. 584, § 9) as amended by the act of 1923 (Acts 1923, p. 309, § 11) reads as follows:

"Whenever a child under sixteen years of age is brought before a magistrate or any court in the county other than the juvenile court, * * * such magistrate or court shall forthwith, by proper order, transfer the case to the juvenile court of the county."

The act of 1923 (Acts 1923, p. 296) retains substantially the language of the quoted portion of the act of 1915, supra. Section 11 of said act of 1923 provides further:

"That any criminal court or any court exercising criminal jurisdiction in any county coming under the provisions of this act before which any child between the ages of sixteen and eighteen years is brought, charged with

⬥For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

the commission of a crime, shall have authority, if such court shall deem it to be in the interest of justice and of the public welfare, to in like manner transfer such child by proper order to the jurisdiction of the juvenile court of said county to be dealt with as a delinquent child under the terms of this act."

It is clear that, when the child is between 16 and 18 years of age, the court before whom he is brought charged with a criminal offense has the authority when it deems it to be in the interest of justice and the public welfare to transfer such child to the juvenile court; but it is also clear that this question is addressed to the sound judgment of the trial court, and that, in the absence of such a finding by the court, the child between 16 and 18 years of age may be put to trial for the crime with which he is charged.

[2] In the instant case the defendant was under 16 years of age at the time of the commission of the offense, and was over 17 years of age when he was brought before the court for trial. The defendant was never placed under the jurisdiction of the juvenile court. The indictment was returned on September 26, 1922, the defendant then being under 16 years of age, and the defendant was arrested on October 5, 1922, just 3 days after he had attained the age of 16 years. He was brought before the court on October 9, 1923, 7 days after he had become 17 years of age. There is no suggestion of flight or other cause for failure to arrest the defendant immediately after the commission of the offense. But we may conceive a case in which a boy 15 years of age may commit murder or assault with the intent to murder, and absent himself from the state, and avoid arrest until he reaches manhood, becomes 21 years of age or older. If he were then arrested for the crime committed when 15 years of age, it could not be seriously contended that he must be transferred to the jurisdiction of the juvenile court before a court having jurisdiction of the cause could try him. At the age of 21 he is not a juvenile delinquent or a ward of the state, and there is no authority of law for then transferring him to a juvenile court. The same reasoning applies to a defendant 17 years of age at the time he is brought before the court. Under the act of 1923 the trial judge has the authority, if he deems it in the interest of justice and of the public welfare to transfer the 17 year old defendant to the jurisdiction of the juvenile court, but if he does not so find, he may proceed to the trial of the defendant for the offense committed when he was 15 years of age.

The trial judge, having found that the defendant was 17 years old at the time he was brought before him, had the authority to try him for the offense charged in the indictment. The demurrer to the plea to the ju-risdiction of the court was properly sustained.

The authorities cited by the learned counsel for appellant apply only to cases where the defendant was under 16 years of age at the time of the trial, except Cogburn v. State, 16 Ala. App. 189, 76 So. 473, which was a bastardy case, and in which the court held that a proceeding in bastardy not being criminal, the statute did not apply. The exceptions reserved to the evidence are without merit.

[3] Charges 1, 2, 3, 4, 6, and 7 were properly refused, if for no other reason, because they were not predicated upon the evidence. Edwards v. State, 205 Ala. 160, 87 So. 179.

[4] Charge 5 was faulty in that it ignores the question as to freedom from fault in bringing on the difficulty. Linehan v. State, 113 Ala. 70, 21 So. 497. 1 Mayf. Dig. § 290, p. 179.

We find no error in the record. The judgment of the circuit court is affirmed.

Affirmed.