(110 So. 162)

### BRADLEY v. STATE. (7 Div. 687.)

(Supreme Court of Alabama. Oct. 28, 1926.)

**1. Criminal law ⚖=400(5).**

Admission of Bible to show birthdate of prosecuting witness *held* error, where grandmother making entry therein was present and testified. (Per Miller, J.)

**2. Rape ⚖=41.**

In prosecution, under Code 1923, § 5411, for carnal knowledge of girl between ages of 12 and 16, date of cyclone in which doctor attending prosecutrix's birth was injured, and never practiced thereafter, was competent only as fact to aid in fixing her birth date. (Per Miller, J.)

**3. Criminal law ⚖=1179.**

Supreme Court does not review Court of Appeals on the testimony or facts.

**4. Criminal law ⚖=925(5).**

If an association or person exercises silent and invisible means to secure verdict, new trial should be granted, in view of Const. 1901, § 6. (Per Miller, J.)

**5. Criminal law ⚖=434—Entries made in Bible by grandmother, giving birthdates of prosecutrix, her mother, father, and another, apparently made, at same time, held inadmissible as entries from family Bible (Code 1923, § 5411).**

Entries made in Bible by grandmother of prosecutrix, apparently written at same time, giving birthdates of prosecutrix, her mother, father, and another, where grandmother had other children besides prosecutrix's mother, *held* inadmissible as entries from family Bible, in prosecution, under Code 1923, § 5411, for carnal knowledge of girl between ages of 12 and 16, to prove birthdate of prosecutrix. (Per Sayre, J.)

**6. Criminal law ⚖=400(5).**

Birthdate entry in Bible *held* inadmissible in aid of testimony of witness making it, since it was secondary evidence, which is not admissible, where primary proof is available. (Per Sayre, J.)

**7. Witnesses ⚖=406—Evidence that doctor attending prosecutrix at birth did not practice after being injured in certain cyclone was admissible to impeach state's witness' testimony that she, was born after date of cyclone (Code 1923, § 5411).**

In prosecution, under Code 1923, § 5411, for carnal knowledge of girl between ages of 12 and 16, where question of prosecutrix's age was essential question, evidence that doctor attending prosecutrix at birth did not practice after being injured in certain cyclone was admissible to impeach state's witness' testimony that she was born after date of cyclone. (Per Sayre, J.)

**8. Criminal law ⚖=1144(½).**

In reviewing action of trial court, every reasonable presumption should be indulged in favor of its rulings. (Per Sayre, J.)

**9. Criminal law ⚖=1159(2).**

Where the overwhelming evidence is against verdict, appellate court should set it aside. (Per Sayre, J.)

**10. Criminal law ⚖=1159(5)—New trial will be granted in statutory rape prosecutions where jury imposes excessive punishment (Code 1923, § 5411).**

Where punishment, under Code 1923, § 5411, giving jury discretion as to punishment in prosecutions for carnal knowledge of girl over 12 and under 16, is so excessive as to be clearly based on motives other than upon facts in case, new trial will be granted. (Per Sayre, J.)

**11. Rape ⚖=52(4).**

Evidence touching age of girl *held* not to support conviction for carnal knowledge of girl between ages of 12 and 16, under Code 1923, § 5411. (Per Sayre, J.)

Certiorari to Court of Appeals.

Petition of the State for certiorari to the Court of Appeals to review and revise the judgment and decision of that court in C. H. Bradley v. State, 21 Ala. App. 539, 110 So. 157. Writ denied.

Harwell G. Davis, Atty. Gen., and Robt. G. Tate, Asst. Atty. Gen., for petitioner.

The Bible entry was admissible, notwithstanding the entrant was living. Boyett v. State, 130 Ala. 77, 30 So. 475, 89 Am. St. Rep. 19; People v. Ratz, 115 Cal. 132, 46 P. 915; Carskadden v. Poorman, 10 Watts (Pa.) 82, 36 Am. Dec. 145; Simpson v. State, 45 Tex. Cr. R. 320, 77 S. W. 819; People v. Slater, 119 Cal. 620, 51 P. 957; Wiseman v. Cornish, 53 N. C. 218; Pearce v. Kyzer, 16 Lea (Tenn.) 521, 57 Am. Rep. 240.

W. J. Boykin and O. R. Hood, both of Gadsden, opposed.

The Supreme Court will not review the Court of Appeals on a question of fact. Postal Telegraph-Cable Co. v. Minderhout, 195 Ala. 420, 71 So. 91.

MILLER, J. The defendant was convicted under section 5411 of the Code of 1923, and whether the girl was over 12 and under 16 years of age at a certain time was a material issue in the case. Without approving all contained in the original opinion and the opinion of the majority of the Court of Ap-

---

peals on rehearing, we concur in their findings as herein indicated.

[1] The court permitted the state, over an objection of the defendant to introduce in evidence the family Bible containing the date of her birth. It was entered therein by her grandmother, who was present in court, and testified on the subject of her age. In this ruling the court erred, as stated by the Court of Appeals. The family Bible containing the name and date of birth of a member of the family is "competent and admissible evidence when the person who made the entry therein is dead or unknown." Cherry v. State, 68 Ala. 29; Landers v. Hayes, 196 Ala. 533, 72 So. 106. This Bible containing this entry was not admissible because the party who made it was present in court and testified on this subject.

[2] The date of the cyclone in which the doctor, the attending physician at the birth of this girl, was injured, and never practiced thereafter, was not relevant or competent evidence, except as a circumstance or fact to aid in fixing the date of her birth. E. T. V. & G. R. Co. v. Lockhart, 79 Ala. 315.

[3] We must gather the testimony, not from the bill of exceptions, but from the opinion of the Court of Appeals. This court does not review that court on the testimony or facts. Postal Tel. C. Co. v. Minderhout, 195 Ala. 420, 71 So. 91.

[4] There was a motion for a new trial on the grounds the verdict of the jury was "contrary to the great weight of the evidence," and "the product of passion, prejudice, or other improper motive of the jury," and the trial court refused this motion, and a majority of the Court of Appeals hold in this ruling there was reversible error.

We find in the opinion this:

"It is evident from the record that much silent and invisible pressure entered into the trial of this case. Experienced trial lawyers know and recognize that this frequently happens in the trial of cases. This is evidenced by the tenseness with which the material witnesses gave testimony, the character of their answers, the questions of the lawyers engaged in the trial, the rulings of the court, the character of the offense, the extreme penalty imposed by the jury and many things unexplained and unexplainable."

Then we find in the opinion a copy of cards; one was written to the defendant and the other to his attorney, after the trial, pending the hearing of this motion, in regard to the Ku Klux Klan, which were mailed at Gadsden, Ala. Each reads as follows:

"Remember.

"Every criminal, every gambler, every thug, every libertine, every girl ruiner, every home wrecker, every wife beater, every dope peddler, every moonshiner, every crooked politician, every pagan papal priest, every shyster lawyer, every K. of C., every white slaver, every brothel madam, every Rome controlled newspaper, is fighting the Ku Klux Klan.

"Think It Over.

"Which Side Are You On?"

If the Ku Klux Klan or any other organization or person placed "silent and invisible" pressure into the jury box to secure this verdict of guilty, or if they or any one, by other "silent and invisible" means, "unexplained and unexplainable," secured this verdict of guilty then the trial court should have promptly granted this motion and given the defendant a new trial.

No seen or unseen Ku Klux Klan or other association or person should directly or indirectly enter the jury box to secure or influence verdicts of juries or judgments of courts. There must be no tampering with witnesses, jurors, or judges, so that truth and justice may prevail in the courts, for therein rests the safety of our citizens and government.

The organic law, our Constitution, gives to an accused in a criminal prosecution the right to "be confronted by the witnesses against him," and "to a speedy, public trial by an impartial jury." Section 6 of the Constitution of 1901.

No Ku Klux Klan or any other organization or person should be allowed by the courts to deprive an accused of these constitutional rights. To permit it would be dangerous to society, destructive of some of the fundamental principles upon which our government is founded, and a great wrong and a manifest injustice to an accused. It is the imperative duty of the courts to see that these rights of an accused are not taken away from him. Section 6, Constitution of 1901, and authorities there cited.

Under the statement of facts and circumstances appearing in the opinion of the majority of the Court of Appeals on rehearing, we concur in their conclusion that the trial court erred in overruling the motion of the defendant for a new trial. It should have been granted.

The application by the state for a writ of certiorari is denied.

Writ denied.

ANDERSON, C. J., and GARDNER, J., concur in result.

SAYRE, J. [5-11] I concur in the opinion of the Court of Appeals; i. e., the opinion of SAMFORD, J., written on the application to the Court of Appeals for a rehearing.

GARDNER, J. (concurring in result). In Postal Tel. Cable Co. v. Minderhout, 195 Ala. 420, 71 So. 91, it was expressly and finally settled that this court would not review the finding of fact made by the Court of Appeals,

and this authority has here been consistently followed by an unbroken line of decisions. Ex parte McMahen & Sons, 213 Ala. 642, 106 So. 57.

I am therefore utterly unable to see any occasion here for a discussion of any of the facts presented on the motion for a new trial, as for the purpose of any review here the finding thereon is wholly immaterial. Indeed, the usual course is to pretermit a consideration of the motion for new trial when the cause is reversed for errors upon the main trial, as in the instant case. The case should here be treated as any other case and in conformity to the well-established rule. The function of this court is simply to declare the law applicable to the case in hand. I therefore respectfully confine my concurrence to the result only of a denial of the writ.

ANDERSON, C. J., concurs in the foregoing view.