## HART v. STATE.  (7 Div. 264.)

Court of Appeals of Alabama.  June 21, 1927.

Charlie C. McCall, Atty. Gen., and Merwin T. Koonce, Asst. Atty. Gen., for the State.

Hugh Walker, of Anniston, for appellant.

---

Charlie C. McCall, Atty. Gen., for the State.

No brief reached the Reporter.

BRICKEN, P. J.  This appellant was convicted under the second count of an indictment for the offense of unlawfully possessing, etc., a still to be used for the purpose of manufacturing prohibited liquors.  He was sentenced to serve an indeterminate term of imprisonment in the penitentiary for not less than 18 months nor more than 2 years, and appealed.

It is here insisted that the defendant was a juvenile delinquent, and that this affirm-

atively appears from the record; that therefore the court below was without authority to pass the sentence, supra, but should have, by proper order, transferred this case to the juvenile court of the county, as provided by section 3539 of the Code 1923.

Whenever a child under 16 years of age is brought before a magistrate of any court in the county other than the juvenile court, charged with any offense, such magistrate or court shall forthwith, by proper order, transfer the case to the juvenile court of the county. This appears to be a mandatory provision, and, if said child is between the ages of 16 and 18 years, is brought before a court, charged with the commission of a crime, the court shall have authority, if it deems it to be in the interest of justice and of public welfare, to in like manner transfer such child, by proper order, to the jurisdiction of the juvenile court of said county to be dealt with as a delinquent child, as provided by law. Article 1, c. 100, Code 1923.

■■ In the instant case the record discloses that this appellant "is about 16 years of age," and his physical condition is bad.

The question is presented, From this statement in the record, does it affirmatively appear that the defendant below was 16 years of age? As stated, if he were not 16 the court below, under the existing statutes, was without authority to pronounce and enter this judgment, as under the mandatory provision of the statute the court was without jurisdiction of the person of the accused, other than to forthwith, by proper order, transfer the case to the juvenile court of the county.

The word "about" means "nearly," "approximately," "almost," "in the neighborhood of." 1 Words and Phrases, First Series, page 25.

The Supreme Court of Alabama has held that the word "about" means "near," "not far from," and designates these words as "indefinite," and in effect insufficient, where precision is intended and necessary. A. G. S. R. R. Co. v. Arnold, 84 Ala. 159, 4 So. 359, 5 Am. St. Rep. 354.

In James v. State, 40 Tex. Cr. R. 190, 49 S. W. 401, the court said:

"'About' is a very comprehensive term, and when used with regard to time, may cover a considerable extent thereof."

In Armijo's Case, 7 N. M. 571, 37 P. 1117, it is said that an allegation in an indictment that an offense was committed "on or about" a certain day, is too indefinite to sustain the indictment; the exact time in such cases being an essential element.

In Baird v. Johnson, 14 N. J. Law, 120, the finding of a jury for "wood and timber to the amount of about 40 cords" meant any quantity between 30 and 50 cords, and hence rendered the verdict too indefinite to enable execution of process founded thereon.

Under the status of this case in the court below, as contradistinguished to the status of the case of Macon v. Holloway, 19 Ala. App. 234, 96 So. 933, it was the duty of the court to ascertain with certainty that the defendant was 16 years of age before passing this sentence. Failing in this, and it not affirmatively appearing that the accused had reached the required age to subject him to the orders of the court below, except as above stated, the insistences here presented in behalf of appellant must be, and are, sustained. The judgment of conviction from which this appeal was taken is reversed. The cause is remanded to the lower court, with instructions to forthwith enter the proper order necessary to transfer this case to the juvenile court of Cleburne county, Ala., as required by law.

Reversed and remanded, with instructions.