(120 So. 307)
### BROUGHTON v. STATE. (1 Div. 811.)

Court of Appeals of Alabama. Jan. 8, 1929.

Rehearing Denied Feb. 12, 1929.

C. L. Hybart, of Monroeville, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

RICE, J. Appellant, under an indictment charging that he "forcibly ravished Gertrude Rogers, a woman," etc., was duly tried and convicted of the offense of "assault with attempt to ravish," etc., as was authorized by Code 1923, § 3307. Upon the original submission, we affirmed the judgment of the lower court, without writing an opinion—this for the reason that we observed nothing in the record of an irregular nature, or that seemed to require comment.

Now, upon application for rehearing, appellant's counsel insist that, the record disclosing that appellant was under the age of 16 years at the time of the commission of the alleged offense, the circuit court was without jurisdiction to try the case. It is asserted that the case should have been transferred to the juvenile court.

Without expressing our view as to whether or not there was evidence tending to show that appellant was over the age of 16 years at the time prosecutrix claims he committed the attack upon her, it is sufficient here to remark that the evidence discloses without conflict that he was *over* 16 years of age at the time he was put upon trial in the circuit court. And, under a former decision of this court, *that* fact rendered inoperative the requirement that the case be transferred to the juvenile court. Lane v. State, 20 Ala. App. 192, 101 So. 521.

No other questions, worthy of mention, are presented, or apparent. There appears no where any prejudicial error, and the application for rehearing is overruled.

Application overruled.