146 So. 623

## KEENUM v. STATE.

### 8 Div. 579.

Court of Appeals of Alabama.
March 7, 1933.

J. N. Powell, of Hartselle, for appellant.

Thos. E. Knight, Jr., Atty. Gen., for the State.

No briefs reached the Reporter.

360

BRICKEN, Presiding Judge.

■ Counsel for appellant in the court below raised the question of the jurisdiction of that court to try and determine this case, insisting that the defendant was under the age of sixteen years at the time of the alleged commission of the offense charged in the complaint. In this connection it was insisted that the jurisdiction of the person rested only in the juvenile court by virtue of the statute which provides: "Whenever a child under sixteen years of age is brought before a magistrate of any court in the county other than the juvenile court, * * * such magistrate or court shall forthwith, by proper order, transfer the case to the juvenile court of the county." Acts 1923, p. 296, § 11. The written "motion" to this effect operated as a plea to the jurisdiction of the court as it set out the grounds of the motion as above stated. It appears from the record that the "motion" (or plea) was overruled by the court and the defendant excepted. This action of the court was erroneous and without authority of law, for under the terms of the statute it was the duty of the court to ascertain and determine the age of the accused, and, if such investigation disclosed that the child, when brought before the court, was under sixteen years of age, the order aforesaid should at once be issued and the child forthwith transferred to the juvenile court. In this case, however, this error of the court cannot avail the appellant, for it appears upon the trial the defendant was permitted to undertake to prove the plea, and the evidence conclusively showed that at the time of this trial, to wit, on April 4, 1932, the defendant was more than sixteen years of age, his date of birth having been proven as January 12, 1916. Having attained the age of sixteen before being brought into court for trial, the lower court had jurisdiction of the person under the decision of this court in the case of Lane v. State, 20 Ala. App. 192, 101 So. 521, certiorari denied in Ex parte Lane, 211 Ala. 615, 101 So. 522. In said case the court held that, under the act, supra, the judge may proceed to trial of one 17 years old, when brought before the court on charge of crime committed when he was fifteen years of age, etc.

■■ This case was tried by the court below without a jury. Upon what theory, or evidence, the court predicated the conviction of the defendant, we are unable to ascertain from this record. The defendant entered upon his trial clothed with the presumption of innocence, and, the rule is, if from all the evidence there is a reasonable doubt of the guilt of the defendant, the benefit of such doubt must be accorded the accused, and his acquittal must follow. Here the overwhelming evidence conclusively showed that the act complained of in the complaint, and upon which he was tried, was not committed by the defendant. The offense charged was that he "engaged in or carried on the business of operating an automobile without a license." There was no evidence adduced upon the trial tending to sustain this charge, and under the evidence as a whole the defendant should have been discharged. The law makes it the duty of this court in cases of this character where the judgment of conviction is reversed to render such judgment as the law demands, section 3258, Code 1923, and to discharge the defendant from further custody, section 3259, Code 1923. Such is the order of this court. The judgment of conviction from which this appeal is taken is reversed, and an order here entered discharging appellant from further custody in this proceeding.

Reversed and rendered.