24 So.2d 223

**BROWN v. STATE.**

2 Div. 216.

Supreme Court of Alabama.

Dec. 20, 1945.

A. T. Reeves and R. Randolph Smith, both of Selma, for appellant.

Wm. N. McQueen, Atty. Gen., and John O. Harris, Asst. Atty. Gen., for the State.

GARDNER, Chief Justice.

The appeal is from a judgment of conviction of murder in the first degree, with infliction of the death penalty. The victim was Jack Walton, who lived alone in the country some 15 miles from Greensboro, Alabama, and whose body was dragged from the river some two or three weeks after he had been missed from his home and community.

This defendant was jointly indicted with one Ernest Johnson, but upon a severance being demanded, separate trials were had. The history of the case, however, with all salient and revolting details, appears in the case of Ernest Johnson v. State (Ala.Sup., 24 So.2d 17)[1] and need not be here repeated. Any interested reader is referred to the facts as outlined in that opinion, as well as many rulings there made which are likewise applicable here.

Illustrative is the question of the sufficiency of the corpus delicti, and all the circumstances pertaining thereto, including the proof as to the condition of the

[1] Ante, p. 271.

body of deceased, the blood stains, and the competency of the witness Grubbs to testify as an expert. Each of these questions was fully treated in Ernest Johnson v. State, supra; and to separately consider them here in this companion case is deemed entirely unnecessary. Suffice it to say, we adopt the holding upon these questions in the Johnson case as here equally applicable.

■ The two confessions, the oral as well as the written confession, were shown to have been entirely voluntary. Defendant did not take the stand, and all the proof as to the voluntary character of these confessions was without dispute. There was one discrepancy in the two confessions. Defendant at first stated his companion in crime, Ernest Johnson, fired the fatal shot, but in the subsequent confession admitted that he himself fired the shot. That these confessions were properly admitted is too clear for further discussion. Johnson v. State, 242 Ala. 278, 5 So.2d 632.

There remain two questions to be briefly considered, which were not involved in the Johnson case.

■ The defendant in the instant case plead not guilty and not guilty by reason of insanity. His proof in support of his plea of not guilty by reason of insanity rested upon the testimony of the superintendent and his assistant of the Alabama Reform School for Juvenile Negro Law Breakers. The evidence of these two witnesses, when reduced to the last analysis, is to the effect that they considered the defendant of unsound mind because he appeared to be dull, so far as school is concerned, and indifferent as to work. He was in the reform school at an earlier age, and spent two years there, having been promoted from the first to the second grade. But they testify to no facts beyond that indicated above.

We are impressed that this testimony falls short of the rules announced by this Court in the Parsons case, Parsons v. State, 81 Ala. 577, 2 So. 854, 60 Am.Rep. 193, and followed in numerous subsequent decisions.

But even should it be accepted as sufficient for submission to the jury, the State offered countervailing testimony of witnesses who had known the defendant, and for whom he had worked, who testified that his mind was entirely sound and that he was a good worker. The trial judge charged fully upon this question of insanity, and in any event, the jury would be fully justified in rejecting the plea as not well founded in fact.

■ At the inception of the trial counsel for defendant moved the court that the case be transferred to the juvenile court upon the theory that the defendant was under 16 years of age. Title 13, Sec. 363, Code 1940. Counsel appear to be under the impression that by virtue of this statute it was the mandatory duty of the judge himself to make inquiry and procure proof as to the age of the defendant upon the presentation of such a motion. This motion was afterwards amended so as to call it a "suggestion" rather than a motion, and subsequently there was a plea filed to the jurisdiction of the court, all based upon the same idea that the defendant was under 16 years of age.

True, in Powell v. State, 224 Ala. 540, 141 So. 201, speaking of the defendant, Eugene Williams, whose case was also considered on that appeal, it was stated that since the juvenile delinquent is a ward of the State it is the duty of the trial court, upon suggestion that the defendant was under 16 years of age, or if his personal appearance suggested a doubt as to his age, to ascertain his age and if found to be under 16 to transfer the cause to the juvenile court. But the expression in that opinion, as to the duty of the trial court to ascertain the age when such suggestion is made, is to be construed not as a personal duty of the judge to himself ascertain the facts, but a duty to see to it that available evidence is produced under his direction by officers of the court so that the true age of the defendant may be ascertained. Defendant's counsel were officers of the court. The defendant was before the trial judge, and for aught appears, had the appearance of one who was considerably beyond that age. The trial judge, therefore, had the right to suggest that counsel for the defendant proceed to produce some evidence to substantiate the suggestion made. The trial was delayed, a recess of the court taken, so that counsel for defendant might have an opportunity to procure the necessary proof.

The direction of the judge to counsel for the defendant that they proceed to offer proof was but a procedural matter, and in accord with the rule that the trial judge may determine the order of proof. McDowell v. State, 238 Ala. 101, 189 So. 183. As we have observed, the counsel were

officers of the court, and it was an orderly manner in which to start in progress the process of the court for the ascertainment of the truth. We find nothing in any of this procedure of which this defendant can complain.

The question of continuance on account of the absence of defendant's witness Brown, who appears to have been out of the State, was a matter within the sound discretion of the trial court. Sanders v. State, 181 Ala. 35, 61 So. 336.

It seems that in 1942, this defendant was ordered confined at the reform school by the Juvenile Court of Marengo County for the offense of grand larceny—the theft of a horse—and that he remained two years at this institution. Along with the judgment ordering his confinement at the reform school were some statements concerning his parentage, date of his birth, and the like. This record was offered in evidence and a notation found therein indicating that the date of his birth was in 1929. We judge from the record that there was no birth certificate, and defendant's counsel appear not to have been able to ascertain any further proof. The State then offered countervailing evidence consisting of admissions by the defendant that he was 19 years of age, and by the clerk of the draft board that in February, 1945 he gave his age as 19. The clerk testified that he placed the age of this defendant on a card, and on this card was written "born April 25, 1926." Also, was the place of birth given as Demopolis, Alabama, and the name of the mother, Ida Thomas. The card was not offered in evidence, as counsel appear to understand, but was used as a memorandum for this witness as to what occurred upon the occasion of defendant's registration. 70 C.J. pp. 580–583.

The State also introduced the witness, Will Frazier, who lives in Demopolis, and who had known Richard Brown, the defendant, since his birth; that his mother was known as Ida Brown, and later as Ida Thomas. The witness identified a Bible which had been in his possession for seven years. He got this Bible from the defendant's aunt, the sister of defendant's mother. This aunt in now dead, and has been dead for seven years. She left the Bible with this witness, and it has been in his possession since that time. It has in it the entry of the name of this defendant, Richard Brown, with the date of his birth "7/11/1926." This entry, he states, was in the Bible when he got it, and that the defendant's aunt made the entry. At the time she made the entry defendant was three or four days old, and the witness saw her when she made the entry. This was all in Demopolis.

This family Bible was admissible in evidence under our authorities. Bradley v. State, 215 Ala. 140, 110 So. 162, 163; Cherry v. State, 68 Ala. 29. As said in the Bradley case: "The family Bible containing the name and date of birth of a member of the family is 'competent and admissible evidence when the person who made the entry therein is dead or unknown.'" As we have observed, his aunt who made the entry is long since dead. See also 20 Am.Jur. pp. 799–801.

After considering all the proof and viewing the defendant on trial, the court reached the conclusion that the defendant was well over 16 years of age. And we think it quite clear the great preponderance of the evidence is to the effect that he was of the age of 19.

Mindful of our duty in cases of this character, we have examined the record with care and find no error to reverse. It results, therefore, that the judgment of conviction is due to be affirmed. It is so ordered.

Affirmed.

All the Justices concur.