66 So.2d 714

### DAVIS v. STATE.
### 6 Div. 449.

Supreme Court of Alabama.
June 30, 1953.

Young & Young and R. G. Redden, Vernon, for appellant.

Si Garrett, Atty. Gen., and M. Roland Nachman, Jr., Asst. Atty. Gen., for the State.

PER CURIAM.

Appellant was convicted of rape and his punishment fixed at death.

The trial was had on May 19, 1952. The crime is claimed to have been committed on March 1, 1952. Defendant was represented by two attorneys appointed by the court. Before the jury was selected, defendant's

attorneys stated to the judge that they would like to show that defendant is a juvenile under the age of sixteen years. To this the judge responded that he would "permit you time to get your witnesses and will admit any legal evidence in the case."

The defendant had been arraigned and plead not guilty, and a plea to the jurisdiction of the court on account of being under the age of sixteen years at that time. This invoked the benefit of section 363, Title 13, Code. After the jury was selected and sworn, and the State's counsel read the indictment to the jury, defendant's counsel proposed to have his plea in abatement considered and asked leave to offer evidence as to defendant's age. The court had the jury withdraw and proceeded to hear evidence as to defendant's age. Defendant testified that he was born in Schlater, Mississippi, and reared in Clarksdale, Mississippi: that his mother's name is Mary Davis, and his father's name is Roosevelt Davis. His father died in 1947; and his mother now lives in Chicago, and that he has eight brothers and sisters. That he was born June 13, 1936, as members of the family have told him, including his mother. He admitted having told five men that he was over sixteen, and to some of them he said he was seventeen years of age. Those men testified that he told them his age, some said he gave it at sixteen and some at seventeen. This was several months before the date of his trial. That was substantially all the evidence as to his age. The trial judge then stated: "Gentlemen, I'm going to find and so hold that the defendant, in the judgment of this court, is sixteen years old or older, and was at the time of the alleged crime". Defendant excepted. Thereupon the following occurred:

"Mr. Young: We reserve an exception and make a motion for continuance on this ground: The defendant has been confined in jail in some other county away from here and Mr. Redden and I were appointed as attorneys to defend him and have had no opportunity to discuss any facts about the case with him until this morning. We didn't know how old he was and had no opportunity to go back to where he

came from to seek testimony as to his true and correct age and we feel that in justice such opportunity should be given. We respectfully ask that the case be continued. We couldn't do it before because we didn't know where he was from, the name of his father and mother, nor any of the facts concerning his age.

"Mr. Strawbridge (representing the State): Your Honor, I'd like to say— Hershel (Smith, the sheriff) did you ask them about bringing him back anytime they wanted to see him you would bring him back?

"Mr. Smith (the sheriff): Yes, I told them that.

"Mr. Strawbridge: We certainly want to resist a continuance. They've had opportunity to prepare their case, but to come at this late hour in the day—this is a crime of grave importance. We've gone as far as to bring the jurors here and the jury is selected. We insist on going to trial.

"Mr. Redden: We don't deny it's a serious crime, but when we take an oath as attorneys we take an oath that when called upon by the court we'll do our best to defend the client. We didn't seek this case. The court appointed us, and we feel as honest, conscientious lawyers we should give him fair representation. We haven't seen him. We didn't know he had been moved until Sunday afternoon. They left here with him the day after the alleged commission of the crime and he was carried to Eutaw, Alabama. We had no opportunity to see him or prepare a defense for him if he had one; we had no opportunity to do what we'd do for a client if we were employed by that client to defend him. We didn't know whether he was under age or not; whether he was guilty or not guilty. The only way we could ascertain facts by which we could represent him fairly was this morning after eight o'clock, when we first saw him. If he's under sixteen, the lawmakers in their wisdom have said he must be tried by a juvenile court; if

he's over sixteen he's in the right court before a jury of his peers. If he's under sixteen he should have an opportunity to prove it. We have nothing but his word. He tells the court that he was informed by his father and mother that he was born on June 13, 1936, and no one can say but that he told the truth on that witness stand.

"Mr. Strawbridge: The State has done everything to co-operate in this case. It's a serious case for this lady out there. She had no warning that night she was attacked. The people have been nice about this thing and are willing for the court to try the case but if the case is drug out, we seriously want to insist on a trial at this time.

"The Court: You, as practicing attorneys, and I, as a practicing attorney, know that these lawyers are placed at a disadvantage, and also realize this is a very serious case for the defendant and for the assaulted party, and for Lamar County. I'd like to say this: I think the people of Lamar County are too good a class of people to do anything wrong about the case. We took the boy out of the county for fear some hot-headed people might go haywire. I'm going to put him to trial *but with some serious misgivings.*

"Mr. Young: We except to the overruling of our motion.

"Mr. Strawbridge: I'd like to put Mr. Smith on the stand so he can state under oath as to his effort at co-operation. I think the State is entitled to that under your honor's ruling.

"The Court: Well, I overruled the motion."

After the trial and conviction of defendant a motion for a new trial was made June 16, 1952 and denied on June 18, 1952,— all within thirty days after his conviction. In said motion there is no ground asserted that counsel did not have sufficient time to prepare his defense. He was indicted April 21, 1952, his counsel appointed and appeared for him on his arraignment on April 22, 1952. He was then carried to another county for safe-keeping with the as-

surance to counsel by the sheriff that he would be returned for consultation whenever they asked for it. There was no such request made. He was returned for his trial on May 19, 1952, when his counsel had full opportunity to consult with him. From the date of his trial to the court's action on the motion (May 19th to June 18th) nothing was discovered which would have aided in the defense. We have no assurance a continuance would have resulted in any benefit in the discovery of defensive matter. We also observe in this connection that the record contains evidence of efficient and able defense made on the trial of his case. The court accorded him a fair trial, and there is no indication that another trial would have had a different result.

■ A ground of the motion for a new trial renewed the claim that defendant was not sixteen years old at the time of his trial. The important date on such a claim is the time of the trial, not that of the crime. Lane v. State, 20 Ala.App. 192, 101 So. 521, certiorari denied, Ex parte Lane, 211 Ala. 615, 101 So. 522: Keenum v. State, 25 Ala.App. 359, 146 So. 623; Brown v. State, 247 Ala. 288, 24 So.2d 223. On the hearing of the motion it does not appear that any proof was offered as to his age—though defendant and his counsel had sufficient time to secure further evidence of it, if they could do so. At the time of hearing the motion for a new trial, he had reached and passed the age of sixteen years according to his own testimony.

■ When a defendant comes up for trial, if he is over sixteen years of age and not over eighteen, it is within the sound discretion of the court as to whether he shall be put upon trial or transferred to the juvenile court under section 363, supra. Brown v. State, supra; Powell v. State, 224 Ala. 540, 141 So. 201; Lane v. State, supra.

■ The court having found that defendant was over sixteen years of age at the time of his trial, and evidently under eighteen, he had the right in his discretion to put him on trial at the time. Upon a consideration of the evidence which was before the trial court, it is clear to us that his finding was well based, and we cannot say that the court in putting the defendant on trial and in not continuing the trial to a later day, abused his discretion. We cannot therefore predicate a reversal upon that status of the record. Avery v. State, 237 Ala. 616, 188 So. 391, affirmed 308 U.S. 444, 60 S.Ct. 321, 84 L.Ed. 377.

■ The record shows the following occurred during the progress of the argument of the State's counsel to the jury:

"(During the course of Mr. Downing's argument to the jury the following occurred [for the State]):

"Mr. Redden: Your Honor, we object to the statement by Mr. Downing that the defendant put no testimony on the stand.

"The Court: Sustained.

"Mr. Redden: Move that the court exclude from the jury his argument about defendant not testifying.

"The Court: Yes, gentlemen, don't consider any argument made as to the failure or refusal of the defendant to testify, or any witness in his behalf.

"(At the conclusion of Mr. Downing's argument the following ensued:)

"Mr. Young: Your Honor, we are ready for Your Honor to charge the jury."

We emphasize that the record shows the court sustained the objection of defendant's counsel and complied with his request with respect to the solicitor's argument and directed the jury not to consider any argument as to the failure or refusal of the defendant to testify or any witness in his behalf.

We also observe that while there was a motion for a new trial within the time prescribed by law, and that the motion was duly heard and acted upon, it did not have as a ground thereof the effect upon the jury of the alleged improper argument made by the solicitor, as hereinabove detailed. So that, for the purpose of determining whether there is reversible error with respect to it, we can only consider what we have copied hereinabove from the record.

We have recently given much consideration to the statutes of this State upon that

subject as amended by the Act of the Legislature, section 305, Title 15, Code, Act approved June 23, 1949, General Acts 1949, page 150. Broadway v. State, 257 Ala. 414 60 So.2d 701.

We have had many cases in this State touching the question involved. They have been carefully selected and analyzed in the brief of the Attorney General submitted in this case. There are some which can be eliminated to begin with as not here applicable, for in them either objection was made and overruled or no objection was made.

We have a status here where the objection was sustained and the jury was duly admonished with respect to it. The cases hold that such a status, prima facie, shows an absence of reversible error. Many of those cases are cited in Broadway v. State, supra, to which we add Bestor v. State, 209 Ala. 693, 96 So. 899. In the Bestor case it was emphasized that no motion for a new trial was made on that ground, but had it been done a serious question of error would have been presented. We also add Bachelor v. State, 216 Ala. 356, 113 So. 67; Stephens v. State, 250 Ala. 123(3), 33 So.2d 245.

Our judgment is that this record does not show reversible error with respect to that matter in the light of the foregoing principles and authorities.

■ The judgment states that defendant was theretofore on April 22d arraigned upon the indictment in this case, and on that day entered a plea of not guilty. The evidence shows that his appointed counsel appeared on the arraignment.

With respect to the question of whether the record should otherwise show a formal arraignment, it is noted in the case of Paris v. State, 36 Ala. 232, that where the record shows that the defendant pleaded not guilty without raising any objection to the preliminary proceedings and was thereupon tried and convicted, the appellate court will not reverse the judgment of conviction because the record does not show defendant was formally arraigned and served with a copy of the indictment and list of the jurors.

In the case of Howard v. State, 165 Ala. 18, 50 So. 954, 958, it is said that, with us an arraignment "is nothing more than calling the accused to the bar of the court, and reading or explaining the indictment to him, and demanding his plea. Its only purpose is to obtain from the accused his answer or plea to the indictment. * * * Our statute [then section 7565, Code 1907, now Title 15, section 276, Code 1940] directs that if the defendant on arraignment refuses or neglects to plead, or stands mute, the court must cause the plea of not guilty to be entered for him. Under our practice and statutes, one charged of a capital offense is required to be arraigned, and his plea to be interposed, at least one entire day before the day of the trial, so that it may be determined whether or not he is entitled to a special venire for his trial. If, on arraignment, he pleads 'guilty,' he is not entitled to the special venire; if he pleads 'not guilty,' he is, and this special venire, together with a copy of the indictment, must be served upon him or upon his counsel one entire day before the trial." The Court then cites sections 7566, Code of 1907, which is our section 277, Title 15, Code 1940, and 7840, Code of 1907 which is included in our section 63, Title 30, Code 1940.

There is no statutory provision or requirement as to the arraignment. The "one entire day" feature of the principle asserted in the Howard case, supra, comes from a requirement to serve on the defendant a copy of the indictment with a list of the jurors at least one entire day before the day set for the trial.

In some respects the matter of arraignment resembles the service on the defendant of a copy of the indictment and list of the jurors. But our later statutes made it mandatory that there should be service of a copy of the indictment and list of the jurors on the defendant, but did not make it mandatory that he be arraigned one entire day before the trial. The recital of the judgment in that respect is sufficient in the absence of any question raised in the trial court.

As to the service of a copy of the indictment the record shows the following. The

record contains a copy of the indictment, the signature of the solicitor to it, indorsement as a "true bill" by the foreman of the grand jury; a certificate on it that it was filed in open court on the 21st day of April, 1952, in the presence of the grand jury, signed by the clerk of the court. Another indorsement is as follows: "Presented to the presiding judge in open court by the foreman of the grand jury in the presence of seventeen other grand jurors and filed by order of court this 21st day of April 1952", signed by the clerk. This was in compliance with section 250, Title 15, Code.

Then followed a caption *"Certified Copy of Indictment,"* under which was another copy of the indictment indorsed as stated above. That was followed by an instrument addressed to the sheriff with a certificate of the clerk that it is a correct copy of the indictment, and that the trial is set for May 19, 1952, and directing the sheriff to serve this copy of indictment on Leroy Davis or R. G. Redden, Young and Young, his counsel. This was signed by the clerk, and was followed by a return of the sheriff certifying that he had received the copy of the indictment from the clerk, "and served the same on O. E. Young, one of the attorneys of record for Leroy Davis at three o'clock P.M. May 13, 1952", signed by the sheriff.

This is a capital felony and section 63, Title 30, Code, makes it the duty of the court on the first day of the session or as soon thereafter as practicable to make an order commanding the sheriff to summon not less than fifty nor more than one hundred persons, including those drawn on the regular juries for the week set for the trial of the case, and shall then in open court draw the required number and cause a list of the names of all such jurors, "together with a copy of the indictment, to be forthwith served on *the defendant,* by the sheriff, at least one entire day before the day set for the trial, and the defendant shall not be entitled to any other or further notice of the jurors drawn for his trial nor of the charge or indictment upon which he is to be tried." The record does not show that the court made such an order to draw the venire as there required, or to serve a copy of it and of the indictment on the defendant.

When an appeal is taken, section 380, Title 15, Code, makes provision that certain proceedings required by section 63, supra, *must not* be contained in the transcript. Those requirements are orders of continuance, organization of the grand jury which found the indictment, the venire for the grand and petit jury, the organization of regular juries, the order of the court for a special venire, or fixing a day for trial, "unless some question thereon was raised before the trial court; but, in the absence of any such question, such proceedings are, upon appeal, *presumed to have been* regular and legal." (Italics ours.) In Rule 27, Supreme Court, Title 7, Code, it is also provided that unless some question is raised in respect thereto in the primary court the transcript shall not contain, in criminal cases, the organization of the grand jury, which found the indictment, nor the venire special or general for any grand or petit jury, nor the organization of regular juries for the week or term, nor the order of the court for service of the copy of the venire or indictment upon the defendant or the sheriff's return on said order.

The return of the sheriff did not show service on defendant as the law requires, but on his attorney of record. That was not a compliance with section 63, Title 30, Code. The order for the service is not in the transcript and was properly omitted.

In the case of Scott v. State, 228 Ala. 509, 154 So. 113, those statutes were fully analyzed in connection with prior statutes, and it was held that where there was no challenge made in the trial court of those matters ordered to be left out of the transcript on appeal any failure in the trial court to comply with section 63, supra, cannot be made available for the first time on appeal.

■ Section 380, supra, and Supreme Court Rule 27, supra, as we have noted, make it mandatory that the transcript shall not contain the proceedings described in them, unless some question thereon was raised before the trial court. Section 380 says "must not", Rule 27 says "shall not". They both use mandatory prohibitive lan-

guage, and do not put it in the power of the clerk to exercise a discretion in that respect. If he violates that prohibition and inserts those proceedings or some of them, they should either be ordered stricken by this Court or disregarded as surplus matter. Surely the law did not intend to put it in the power of the clerk to effect a reversal of an otherwise valid judgment by inserting in the transcript proceedings which the law prohibits from being so inserted. That would put life or death in the uncontrolled discretion of the clerk as to how he would prepare the transcript.

In Spooney v. State, 217 Ala. 219, 115 So. 308, in which it was held that the requirements of section 63, supra, section 8644, Code 1923 were mandatory, a motion was made in the trial court to quash the venire.

In Stinson v. State, 223 Ala. 327, 135 So. 571, the Court held that excusing jurors in capital cases except in court in the presence of defendant violated the mandatory provisions of the law, but that it was not reversible error though shown by the record, in the absence of objection made in the trial court. Some of the cases state that under the then existing statute, when no question is raised in the lower court those proceedings will be presumed to have been regular in the absence of anything in the record to the contrary. Mitchell v. State, 58 Ala. 417.

The Mitchell case, supra, declared a principle, which was later changed as we will show, making it mandatory for the transcript to show such compliance and if not the judgment was to be reversed regardless of whether a question was raised as to it in the trial court. The presumption at the time of that case was defeated if any part of the record showed a failure of compliance, though there was no question raised on the trial. That was therefore a rebuttable presumption. But section 380, supra, provides that in the absence of any such question raised in the trial court, such proceedings are upon appeal presumed to have been regular and legal. The presumption arises without limitation resulting from the state of the record.

In Shelton v. State, 73 Ala. 5, it was said that the record on appeal need not show affirmatively that the prisoner was tried as required by the statute, and in the absence of any objection in the primary court on that ground such matter will be presumed to have been regular. Those cases are cited in Arrington v. State, 253 Ala. 178, 43 So.2d 644, with the observation that in them no such question was raised on the trial.

In the cases of Morris v. State, 146 Ala. 66, 41 So. 274, and Kinnebrew v. State, 132 Ala. 8, 31 So. 567, as pointed out in the Scott case, supra, it was held that under the statute then in existence a failure of the record to contain the requirements of what is now section 63, Title 30, Code, and not excepted in what is now section 380, Title 15, Code, was reversible error, though no question was raised in the trial court. But the Scott case observed, as we have stated, that as to the matters which the law now (section 380, supra; Supreme Court Rule 27, supra) directs shall not be contained in the transcript on appeal, unless some question was raised in the trial, it is not available on appeal.

Section 380, supra, as we have shown, contains no provision that there shall be omitted from the transcript the order for the service of a copy of the indictment on defendant nor the return of the sheriff showing its service on him as required by section 63, Title 30. But Rule 27, as we have stated, does contain a prohibition for the transcript to contain "the order of the court for service of the copy of the venire or indictment upon the defendant or the sheriff's return to said order, unless some question thereon was raised before the trial court and there decided."

■ Under the law as now set up the failure to comply with any of those proceedings required to be omitted from the transcript amounts to a waiver and is not available on appeal. The trial courts, however, are admonished to see that their records comply with the statutory requirements in such cases.

The judgment should be affirmed.

The foregoing opinion was prepared by FOSTER, Supernumerary Judge of this

220

Court while serving on it at the request of the Chief Justice, under authority of Title 13, section 32, Code, and is adopted by the Court as its opinion.

Affirmed.

LIVINGSTON, C. J., and LAWSON, SIMPSON, STAKELY, GOODWYN and MERRILL, JJ., concur.