296 So.2d 249

Dwight MAYTON

v.

STATE.

4 Div. 295.

Court of Criminal Appeals of Alabama.

June 4, 1974.

Kenneth Cooper, Bay Minette, for appellant.

William J. Baxley, Atty. Gen., and John M. Gruenewald, Asst. Atty. Gen., for the State.

HARRIS, Judge.

This is an appeal from a judgment denying appellant's petition for a writ of

error coram nobis. Actually there were six such petitions but there was a stipulation for consolidation and one decree controls this litigation.

Appellant was arrested on July 2, 1972, on numerous felony charges committed in Covington County. He was fifteen years of age at the time of the commission of these offenses but nine days later, July 11, 1972, he reached the age of sixteen years. He was indicted on some nine or ten felony charges. His cases came on for trial on September 11, 1972. Two outstanding, experienced and prominent lawyers of the Andalusia Bar were appointed to represent him at trial. These lawyers, after a thorough investigation of the facts in these cases, entered into "plea bargaining" with the District Attorney and an agreement was reached, subject to approval by the court, whereby appellant was to plead guilty to six indictments and receive a sentence of one year and one day on each charge and the State would dismiss all other indictments.

■ When these facts were made known to the court, the court took great pains to explain to appellant his *Boykin* rights and determined that the pleas were voluntarily and intelligently made. The court advised appellant of his right to a jury trial, his right to confront his accusers, his right to subpoena witnesses in his behalf, and the permissible range of sentences. The court, however, failed to advise him of his privilege against compulsory self-incrimination. The privilege against compulsory self-incrimination is the first right outlined in Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L. Ed.2d 274, and would have been fatal to the judgment of conviction on a direct appeal. There was no appeal from the original judgment of conviction.

■ The writ of error coram nobis is not intended to provide a review by appeal where the complaining party has not sought to appeal and the time for appeal has long since expired. Thomas v. State, 280 Ala. 109, 190 So.2d 542.

During this coram nobis hearing, it was brought out that at the time appellant pleaded guilty to six indictments, he was serving time in the Andalusia City Jail for the violation of certain city ordinances and he was on probation from the Juvenile Court. It does not appear from the record that the inquiries concerning the violation of city ordinances and the juvenile matter was for the purpose of affecting appellant's credibility but rather the court was undertaking to spell out to him that the six minimum-consecutive sentences being imposed upon him were without regard to any time he owed any other courts.

■ It is settled law that juvenile proceedings are not crimes. Rudolph v. State, 286 Ala. 189, 238 So.2d 542, and are not admissible in felony prosecutions.

■ It is equally well settled that violations of city ordinances are not admissible in criminal prosecutions to discredit a witness. Ramsey v. City of Huntsville, 42 Ala.App. 603, 172 So.2d 812; Grammer v. State, 239 Ala. 633, 196 So. 268; Gillman v. State, 165 Ala. 135, 51 So. 722.

■ Prior to the guilty pleas to the six felony indictments, appellant's counsel filed a motion to transfer the cases pending against him to the juvenile court which motion was overruled. A defendant's age at the time of trial, and not at the time of the commission of crime, determines the circuit court's jurisdiction to hear and determine the cause. Lane v. State, 20 Ala. App. 192, 101 So. 521; Davis v. State, 259 Ala. 212, 66 So.2d 714; Brown v. State, 247 Ala. 288, 24 So.2d 223; Keenum v. State, 25 Ala.App. 359, 146 So. 623.

The judgment of the court below is due to be affirmed, and it is so ordered.

Affirmed.

All the Judges concur.