The appellant, Richard Allen Simmons, was indicted for the offense of murder as proscribed by § 13A-6-2, Code of Alabama 1975. A jury found him guilty of the offense of criminally negligent homicide and Simmons was sentenced to twelve months' imprisonment.
For now, we pretermit discussion of the issues raised on appeal except the issue *Page 885 
of the circuit court's jurisdiction. Simmons contends that the testimony during his trial revealed that he was seventeen years old at the time of the alleged act giving rise to the charge. From our review of the record, we find conflicting testimony as to Simmons's age. If Simmons was, in fact, under the age of eighteen at the time of the alleged act, the lower court, under the following statute, was without authority to pronounce and enter the judgment and sentence:
 "If it shall be ascertained during the pendency of a criminal or quasicriminal charge that a defendant was a child,[1] as defined in this chapter, at the time of the alleged offense, that court, which shall have the duty to ascertain such age, shall forthwith transfer the case, together with all the papers, documents and transcripts of any testimony connected therewith, to the juvenile court. . . . All action taken by the court prior to transfer of the case shall be deemed null and void unless the juvenile court transfers under section 12-15-34."
Ala. Code 1975, § 12-15-33 (a), (footnote added). Under the mandate of this statute, the trial court had the affirmative duty to determine the age of the defendant and, if such investigation disclosed that the defendant was under eighteen at the time of the alleged act, the child should have been transferred to the juvenile court. Cf. Keenum v. State,25 Ala. App. 359, 146 So. 623 (1933); Hart v. State, 22 Ala. App. 135,113 So. 471 (1927). We find in the record no factual determination of Simmons's age.
Accordingly, we remand this cause to the trial court with directions to ascertain, by proper evidence, Simmons's age at the time of the alleged act. The trial court shall make a written finding of fact on this single issue and forward this finding to this court for review.
REMANDED WITH DIRECTIONS
All Judges concur.
 ON RETURN TO REMAND
[1] Section 12-15-1 (3)(b), Code of Alabama 1975, defines "child" (after December 31, 1977) as "an individual under the age of 18 or under 19 years of age and who committed the act of delinquency with which he is charged before reaching the age of 18 years."